## MURRAY v. HARRIS.

### No. 4840.

Court of Civil Appeals of Texas. Amarillo.

Jan. 10, 1938.

Rehearing Denied Feb. 7, 1938.

James Spiller, of Panhandle, for appellant.

R. A. Wilson, W. M. Sutton, and Underwood, Johnson, Dooley & Huff, all of Amarillo, and H. H. Murray, of Panhandle, for appellee.

STOKES, Justice.

Appellant, H. H. Murray, filed this suit against the appellee, J. B. Harris, the duly elected, qualified, and acting sheriff of Carson county, alleging that during the month of April, 1935, appellant was a resident of Potter county and was induced by appellee to accept appointment as deputy sheriff of Carson county for and during the balance of the term for which appellee had been elected, which would terminate on the 1st of January, 1937. He alleged appellee agreed to pay him the sum of $125 per month, furnish the residence quarters in the county jail as a place of residence for appellant and his family, and also water, fuel, lights, a garage for his car, garden space on the premises, and water to irrigate the garden, all of which amounted approximately to $200 per month. He alleged that the expense incident to removing his family from Amarillo to Panhandle, the county seat of Carson county, and the necessity of his purchasing an automobile to be used in performing his duties was discussed, and that he informed appellee he could not afford to accept the employment for a short period of time, whereupon it was agreed between them that his appointment should cover the balance of the entire period for which appellee had been elected as sheriff. He alleged that at the suggestion of the county judge, he and appellee entered into a written contract, notice to produce which upon the trial of the case was given, and that he removed his family to Panhandle, purchased and installed furniture and fixtures for the residence quarters of the jail, and purchased an automobile pursuant to and relying upon the terms of the alleged agreement that the employment would continue until the expiration of appellee's term of office. He alleged that about the 15th of November, 1935, and without notice, appellee summarily discharged him, although his services apparently had been satisfactory and no complaint made of his failure to perform his duties in the proper manner. The record shows appellant was paid for his services to January 1, 1936, and he filed this suit to recover the agreed compensation for his

services for the year following that date, amounting to $2,400, and also the expense of moving his family, and purchasing the furniture and automobile in the sum of $600.

As further ground of recovery appellant alleged that the act of appellee in breaching the contract and false statements made by him to the effect that he had discharged appellant for incompetency, inability, insubordination, immorality, and general misconduct, tended to and had injured and damaged appellant's reputation and character, making it more difficult for him to procure other employment, and alleged damages in the sum of $2,000 upon that ground.

Appellee answered by general demurrer, a large number of special exceptions, and a general denial. The trial court sustained appellee's general demurrer to the petition and, appellant declining to amend, dismissed the case, to which action appellant duly excepted, gave notice of appeal, and has perfected his appeal to this court, basing the same upon three assignments of error and a number of propositions, all of which, in substance, assign error to the action of the court in sustaining the general demurrer.

■ Article 6869 of the Revised Statutes 1925, as amended by Acts 1929, 1st Called Sess., c. 113, § 1, Vernon's Ann.Civ. St. art. 6869, gives to sheriffs power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, and extends to deputies so appointed the same power and authority as to official acts and duties as that which is possessed by their principals. It further provides that if, in the opinion of the commissioners' court, the fees of the sheriff's office are not sufficient to justify the payment of the salaries of such deputies, the commissioners' court shall have authority to pay such salaries out of the general fund of the county. Deputies so appointed are vested with duties and powers which involve a public trust, and the responsibility for the proper discharge of duties relating to the public peace and enforcement of the laws of the state rest upon their shoulders in the same manner and to the same extent as they rest upon the shoulders of their principals. Appointment of such officers therefore involves the public welfare which, no doubt, was in the minds of the legislators when they made provision that such deputies should hold their offices during the pleasure of their principals. By including such provision in the law, the Legislature established a public policy to the effect that officers elected by the people to discharge public trusts and upon whose shoulders rests the responsibility for their proper discharge should be free to select persons of their own choice to assist them in the discharge of the duties of their offices. Appellant takes the position in this regard that, by contracting with him for a specific term, appellee exercised his right under the statute and, as a matter of law, established his pleasure as being that appellant should continue in the office during the balance of the term for which appellee had been elected as sheriff of the county. We cannot accede to this contention. The effect of such a construction would be to destroy the right preserved to the elected public official to retain his subordinates during his pleasure. If it could be said that, by contracting for a specific term in the employment of his deputies, the sheriff thereby exhausts his privilege under the statute of terminating the term at his pleasure, it necessarily would follow that in every contract made by a public official with his deputy or assistant for a specific term, he thus exercises the pleasure accorded him by the statute and consequently binds himself to retain the deputy or assistant with whom he thus contracts for the specific term. The effect of this would be, in all such cases, to abrogate and abandon the important option placed in him by law to terminate the employment at his will or pleasure. The appointment of such subordinates involves the public funds, as well as the public welfare, and the public therefore has an interest which the Legislature sought to protect by vesting in the public official, chosen by the voters to serve them, with the power to terminate the employment of those selected to serve in such capacities at any time his judgment dictates to him that the best interests of the public demand a change in the personnel of such subordinates or that their services be entirely dispensed with. The statute conferring upon the sheriff the power to appoint deputies fixes no definite term of office, but provides that the tenure shall be at the pleasure of the sheriff, which is tantamount to a provision that both the appointment and tenure are discretionary with him. Since this power and authority is given by statute, it cannot be contracted away so as to bind the sheriff to retain his deputy in such position for a definite, fixed period. The

law pertaining to the appointment becomes a part of the contract of employment. It is superior to conflicting contractual provisions and, if the appointing power should attempt by contract to abrogate the authority so conferred by law, it would be void and of no force or effect. The appointed person, who is charged with knowledge of the provisions of the law, accepts the precarious tenure regardless of any provisions to the contrary which may be included in his contract of employment. Having done so, he becomes subject to the will and caprice of his principal and must accept the consequences of his judgment when exercised to terminate the employment regardless of any provision to the contrary that may have been included in the contract of employment. Potts v. Morehouse Parish School Board, 177 La. 1103, 150 So. 290, 91 A.L.R. 1093; Bryan v. Landis, 106 Fla. 19, 142 So. 650; Darrah v. Wheeling Ice & Storage Co., 50 W. Va. 417, 40 S.E. 373; Barbor v. County Court, 85 W.Va. 359, 101 S.E. 721; Long v. United Savings & Annuity Co., 76 W.Va. 31, 84 S.E. 1053; Morris v. Parks et al., 145 Or. 481, 28 P.2d 215; Neeper v. Stewart, Tex.Civ.App., 66 S.W.2d 812.

Since, under the plain provisions of the statute, appellant held his office as deputy sheriff only during the pleasure of appellee and the power and authority of appellee to discharge him was such as could not be contracted away, it follows that, admitting as true all of the allegations of appellant concerning the definite duration of the term for which he was appointed, such allegations would not constitute a cause of action against appellee for the salary which appellant alleges was due him for the balance of the term after he was discharged. The petition, failing to allege a cause of action in this respect, was subject to demurrer in so far as this phase of the case is concerned, and the trial court did not err in his judgment sustaining it.

A further ground of recovery was sought to be established by appellant for damages resulting to his reputation and character as a result of certain statements alleged to have been made by appellee concerning the cause of his discharge which, he alleges, had interfered with and prevented his procuring other employment. He alleges in this respect that he remained at Panhandle after he was discharged and, although he has continuously endeavored to do so, he has been unable to find employment of any kind. He alleges that the act of appellee in breaching the contract and false statements by him made to the effect that he had discharged appellant for incompetency, inability, insubordination, immorality, and general misconduct, have tended to and have injured and damaged his reputation and character, and made it more difficult for him to procure other employment. No attempt is made to set out in haec verba or detail the substance of any statements made by appellee concerning the reasons why he discharged appellant, nor is it alleged wherein the statements made by appellant were false and untrue. Whether this phase of the cause of action be termed an action for slander or an action on the case, proper pleading cannot be dispensed with. In either case it was necessary under our system for him to state his cause of action by clear and distinct averments. The cause of action being based upon language alleged to have been used by appellant, the language complained of must be detailed and construed by its application to the facts and circumstances surrounding their utterance. The pleading wholly fails in this particular. It has frequently been held, and is now established as a general rule, that in such cases the petition must set out the particular defamatory words, or at least their substance and meaning. The most that can be said of the allegations of the petition is that they give the effect of the statements made by appellant. It is true the common-law distinction as to pleading and its technicalities do not prevail with us, but a clear and logical statement of the cause of action is necessary and cannot be dispensed with. The character of the suit should be clearly stated and the court placed in possession of the alleged slanderous matter, with such innuendoes as are necessary to explain its meaning. Sisler v. Mistrot, Tex.Civ.App., 192 S.W. 565. The petition wholly fails in this respect and does not state a cause of action for slander nor allege sufficient grounds to constitute an action on the case. This being true, the general demurrer was properly sustained.

We have examined all of the assignments of error and propositions presented by appellant, and, finding no error in the record, the judgment of the court below is affirmed.