**Thomas O'CONNOR, Appellant,**

**v.**

**GLITSCH ENGINEERING & SALES CORPORATION, Appellee.**

**No. 19936.**

Court of Civil Appeals of Texas, Dallas.

Oct. 12, 1979.

John M. Gillis, Dallas, for appellant.

Richard L. Jackson, Shuford, Jackson & Allen, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

Thomas O'Connor, appellant, brings a writ of error to test a judgment rendered in favor of Glitsch Engineering & Sales Corporation, appellee. Although O'Connor filed an answer, neither O'Connor nor his attorney appeared for trial. Consequently, we hold that the writ of error proceeding is available to O'Connor. We further hold that Glitsch failed to prove its cause of action alleging interference with a contract because the existence of the contract itself was not shown. Consequently, we reverse the judgment and remand for trial.

Appellee contends that a writ of error is not available to O'Connor because O'Connor filed an answer but failed to appear at trial. We cannot agree. Tex.Rev. Civ.Stat.Ann. art. 2249a (Vernon 1971) provides:

Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of

Civil Appeals through means of writ of error.

Sec. 2. All laws and parts of law, insofar as they conflict with this Act, are repealed. Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court.

As we read this language, a writ of error is available to a party if he does not participate in the actual trial. Since the only challenge made by the appellee rests in the reasons for non-appearance of O'Connor and his counsel, we conclude that a writ of error is available. It is not the reason for non-appearance but non-appearance itself which is the condition for review by writ of error. *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096 (1941). A party need not justify his failure to appear and defend in order to be entitled to a review by writ of error. *Stafford Construction Co. v. Martin,* 531 S.W.2d 667 (Tex.Civ. App.-El Paso 1975, no writ); *Riley v. Mead,* 531 S.W.2d 670 (Tex.Civ.App.-El Paso 1975, no writ). We conclude that our review on appellant's writ of error is proper and the scope of the review is the same as on appeal. *Gunn v. Cavanaugh,* 391 S.W.2d 723 (Tex.1965).

Appellant attacks the judgment of the trial court on the ground that plaintiff failed to prove a contract. In order to bring a cause of action for tortious interference with a contract, there must be in existence a valid contract subject to that interference. *Armendariz v. Mora,* 553 S.W.2d 400 (Tex.Civ.App.-El Paso 1977, writ ref'd n. r. e.); *Glenn v. Gidel,* 496 S.W.2d 692 (Tex.Civ.App.-Amarillo 1973, no writ). A witness offered by Glitsch testified as follows:

Q. Can you identify these documents, generally, as being the contractual documents establishing your contractual relationship with KRP?

A. Yes, I can. This would have the knowhow agreement, the license agreements, the preincorporation agreements, the charter, initial minutes, all the agreements that we did enter into preincorporation venture agreement.

Q. And these agreements were all entered into between Glitsch Engineering and Sales on the one hand and KRP Plastics on the other hand in April, 1974?

A. That's correct.

The testimony was concluded with no further effort to prove the contract. In particular, the record reflects the following:

MR. JACKSON: We don't have any further questions, Your Honor.

THE COURT: Counsel, do you intend to have this marked as an exhibit and offer it?

MR. JACKSON: No, Your Honor, I did not. I set it there for the Court's review and since it is part of the record, we are not going to mark it.

THE COURT: Very well.

No other proof of the contract(s) allegedly interfered with by O'Connor was tendered and admitted in the appellate record. Without the three, or more as described, agreements before us and without the aid of testimony as to their terms, we are unable to make a determination of which, or any, or all, of such contracts were subject to interference and were breached because of the acts of O'Connor. We conclude that in the absence of this necessary proof, Glitsch failed to sustain its burden to make out a case for relief in this abbreviated record. Accordingly, the trial court's default judgment is reversed and this cause remanded for trial.