John BATTERTON, W. Stephen Minick, Linda D. Rapavi, and G. Stephen Stubbs, Plaintiffs,

v.

The TEXAS GENERAL LAND OFFICE and Garry Mauro, Individually and In His Official Capacity as Commissioner of the General Land Office, Defendants.

Civ. No. A–83–CA–361.

United States District Court, W.D. Texas, Austin Division.

Sept. 17, 1984.

Margaret A. Cooper, Connie Ode, Bunton, Nolan, Ode & Cooper, Austin, Tex., for plaintiffs.

F. Scott McCown, Asst. Atty. Gen., Austin, Tex., for defendants.

## ORDER

NOWLIN, District Judge.

Came on for consideration the cross-motions of the parties for summary judgment and partial summary judgment. Both sides thoroughly briefed the issues for the Court and a hearing on these motions was held on September 7, 1984. The main thrust of the Plaintiff's claim is that they were unconstitutionally deprived of property, by an official agency of the State of Texas, and they now seek redress under 42 U.S.C. §§ 1983 and 1988 for this alleged Fourteenth Amendment violation. The Plaintiffs also allege, in their Second Amended Complaint, under the subtitle "Jurisdiction and Venue," that Defendants violated the First Amendment rights of Plaintiffs. Beyond this mere assertion in this one part of the pleadings, the Court has had no specific facts, evidence or argument submitted to the Court. Rule 56(e) of the Federal Rules of Civil Procedure provides in pertinent part that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Plaintiffs made no argument at the summary judgment hearing despite Defendant's assertion that if the Court decided the Summary Judgment Motion in Defendant's favor, it would dispose of the entire case. Furthermore, Plaintiffs made no specific factual allegations as to how their First Amendment rights were violated.

The Court finds persuasive Defendant's argument that the issue of whether Plaintiffs possessed a property interest in their job is controlling. The Court, paying particular attention to the mandate of *Wells v. Hico Independent School District*, 736 F.2d 243 (5th Cir.1984) and to *Murray v. Harris*, 112 S.W.2d 1091 (Tex.Civ.App.—Amarillo 1938, *writ dism'd*) believes no such property interest accrued to the Plaintiffs.

Plaintiffs were public employees. They claim violation of their rights to their constitutionally protected "property interest" in their jobs. It is beyond dispute that whether a property interest exists must be determined by state law; state law creates and defines property interests. *Hico*, 736 F.2d at 252 (citing *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976) and *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982)). A property interest is created when state law secures a right or entitlement. *Board of Regents v. Roth*, 408 U.S. 564, at 577, 92 S.Ct. 2701, at 2709, 33 L.Ed.2d 548 (1972). Plaintiffs claim that in this case, state law provides a right to be fired only for "satisfactory cause" under Tex.Nat.Res.Code § 31.020 (Vernon 1968).

It is this statute that is at the center of the maelstrom. The statute was originally enacted in 1879. It provides that employees of the Land Office "shall hold their offices and positions and at the pleasure of the Commissioner and may be removed by him at any time for satisfactory cause." Obviously, the overall tenor of the language is that employees of the land office work at the pleasure of the Land Commissioner. The Court notes that "sat-

isfactory cause" as intended by the drafters of the statute was not defined, nor is it necessarily either an objective or subjective test. The Court believes that "satisfactory cause" was intended to mean for any reason that the Commissioner found satisfactory and appropriate. This is consistent with the other language of the statute. Even, if this Court were to place the gloss of modern construction on this phrase, then the Court must only ascertain that the dismissal was not for an illegal reason. This is the thrust of *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972), a case heavily relied on by Plaintiffs. Dismissal for the exercise of a constitutionally protected right is impermissible with or without the "satisfactory cause" language in the Texas statute. Plaintiffs have not alleged the exercise of any such rights for which they were dismissed. Thus, under either reasonable interpretation, the Defendants have not violated the State law or the United States Constitution. The Court does not believe that the Legislature intended to enact a statute giving employees a property interest, rather the Court believes that the Legislature intended to create a pure at-will form of employment. The Court does not believe the Legislature intended to limit the power of the Land Commissioner to hire and fire employees through the use of the words "satisfactory cause." The Court finds no entitlement to employment under Texas state law, therefore there is no federal right implicated by the termination of employment.

The arguments by Defendants in support of this conclusion are highly persuasive. The common law of Texas is that employees hired, who do not have a contract for a specific period of time, serve at the pleasure of their employers. *East Line Railroad Co. v. Scott,* 72 Tex. 70, 10 S.W. 99 (1888). The Legislature reaffirmed this position with the Position Classification Act of 1961, Tex.Rev.Civ.Stat.Ann. Art. 6252.11 § 5 (Vernon 1970).

It is a very well-established rule that where a statute of doubtful construction has been construed by executive officers of the State charged with its execution, and it has subsequently been re-enacted without substantial charge of language, it will continue to receive the same construction.

*Stanford v. Butler,* 142 Tex. 692, 181 S.W.2d 269 (1944). Important to this Court is the fact that § 31.020 has been reenacted four times since 1879 without charge. The most recent codification was in 1977. Therefore the Legislature has confirmed the Commissioner's construction of the statute.

Having read the statute carefully, the Court is convinced that, at best, the statute may be ambiguous. Certainly the statute does not clearly establish a right to public employment by these Plaintiffs or any other employees in the land resources office. The Court must follow the case law of Texas, which states that "Legislative grants of property, rights, or privileges must be construed strictly in favor of the state on grounds of public policy, and whatever is not unequivocally granted in clear and specific terms is withheld. Any ambiguity or obscurity in the terms of the statute must operate in favor of the State." *Empire Gas and Fuel Co. v. State,* 121 Tex. 138, 47 S.W.2d 265, 272 (1932) and *State of Texas v. Standard,* 414 S.W.2d 148, 153 (Tex.1967).

The Plaintiffs place great weight on the existence of a Policy/Procedure Manual Number 73.2 as creating a property interest. The Court does not agree. Nothing in the manual procedures precludes at-will dismissal. Having carefully considered all of the arguments of Counsel, the Court is convinced that the statute § 31.020 is intended by the Texas Legislature to be an at-will statute. The Land Commissioner, even if he so chose, could not exceed his statutory authority and create a different kind of contract. *State v. Ragland Clinic-Hospital,* 138 Tex. 393, 159 S.W.2d 105 (1942). This doctrine is thoroughly explained in *Murray v. Harris,* 112 S.W.2d 1091 (Tex.Civ.App.—Amarillo, 1938, *writ dismissed*). Furthermore, the Plaintiffs have gone no further than to make a bold

assertion that this Manual does create such a property interest, through a classification between employees who have and have not been with the Commission for more than six months as to their administrative appeal procedure. Certainly this difference is logical as an agency can decide to accord different administrative protection if it is rationally related to a legitimate state interest. This classification does not and cannot under state law create a property interest in the employees of the Land Commission.

 Finally, the Defendant has centered its claim on the case of *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Broadly construed, the Supreme Court recognized that a state institution, through its policies, could give rise to a state law implied contractual right based on "mutually explicit understandings." *Perry*, 408 U.S. at 601, 92 S.Ct. at 2699. The Fifth Circuit was well aware of the *Perry* decision when it wrote its decision in *Wells v. Hico Independent School District, supra.* This Court is convinced that it is bound in this present case by the analysis of *Wells*, in our finding that no implied contractual right to work has arisen.

The Court believes that the granting of summary judgment on this issue, the Plaintiff's possessed no property interest in their jobs, disposes of all claims for damages as a matter of law. The Court further believes that this Order disposes of all issues in this case.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED as to all issues.