

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 15, 1987

Mr. Oliver Lewis, Jr.  
County Auditor  
Bexar County Courthouse  
San Antonio, Texas   78205

Opinion No.  JM-698

Re:  Whether a deputy sheriff who is indicted for a felony automatically revokes his appointment

Dear Mr. Lewis:

You are concerned about the apparent conflict between article 2372h-8, V.T.C.S., which authorizes a sheriff's department civil service system in counties of more than 950,000, and article 6869, V.T.C.S., which relates to the appointment, duties, and dismissal of a sheriff's deputies. When a county establishes a civil service system under article 2372h-8, V.T.C.S., a sheriff's department civil service commission is created. The commission

> shall make, publish, and enforce rules relating to:
>
> (1)  selection and classification of employees;
>
> (2)  competitive examinations;
>
> (3)  promotions, seniority, and tenure;
>
> (4)  layoffs and dismissals;
>
> (5)  disciplinary actions;
>
> (6)  grievance procedures and other procedural and substantive rights of employees; and
>
> (7)  other matters relating to the selection of employees and their advancement, rights, benefits, and working conditions.  (Emphasis added).

V.T.C.S. art. 2372h-8, §6(a).  Deputy sheriffs, who are "employees" under the definition provided in section 1(3) of article 2372h-8, V.T.C.S., are subject to the commission's authority over selection, dismissal, and discipline.  The sheriff may, however, designate as exempt from the civil service system the position of chief deputy, four positions of major deputy, and additional positions as long as

p. 3235

the total number of exempt positions does not exceed 10.  V.T.C.S. art. 2372h-8, §8(b), (c).

Article 6869, V.T.C.S., provides in part:

> Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principals. . . .  An indictment for a felony of any deputy sheriff appointed shall operate a revocation of his appointment as such deputy sheriff. . . .

You ask whether article 2372h-8, V.T.C.S., supersedes and repeals the provision in article 6869, V.T.C.S., that a deputy sheriff's appointment is revoked upon his indictment for a felony.

Section 6(a) of article 2372h-8, V.T.C.S., quoted above, authorizes the civil service commission to regulate the selection, tenure, and discipline of the deputy sheriffs to whom it applies.  The civil service statute therefore substantially changes the working relationship between the sheriff and his deputies which has traditionally existed and which is partially set out in article 6869, V.T.C.S.  Deputy sheriffs traditionally serve "during the pleasure of the sheriff."  V.T.C.S. art. 6869.  See also Irby v. Sullivan, 737 F.2d 1418 (5th Cir. 1984); Murray v. Harris, 112 S.W.2d 1091 (Tex. Civ. App. - Amarillo 1938, writ dism'd).  It has been held that deputy sheriffs have no legal entitlement to their jobs as public employees.  Irby v. Sullivan, 737 F.2d at 1422.  Article 2372h-8, V.T.C.S., gives procedural and substantive protection to the deputies to whom it applies.  Deputies covered by article 2372h-8, V.T.C.S., do not serve merely at the "pleasure of the sheriff."

We believe article 2372h-8, V.T.C.S., by authorizing the civil service commission to "make, publish, and enforce rules relating to . . . layoffs and dismissals," also changes the prior law providing that a felony indictment of a deputy sheriff revokes his appointment as deputy sheriff.  The civil service statute vests in the civil service commission an extensive oversight and authority over the deputy's working conditions.  The provisions on grievance procedures and appeals to the court allow for full development of the facts which justify dismissing a deputy.  The summary revocation required by article 6869, V.T.C.S., is not consistent with the policies underlying the civil service act.  There may be erroneous indictments, and the commission may decide whether dismissal is justified on the facts of a particular case.  See generally Attorney General Opinion H-402 (1974) (county employee suspended when indicted; reinstated when indictments dismissed).

Moreover, section 10 of article 2372h-8, V.T.C.S., provides as follows:

> If a civil service system created under this Act is in effect, that system applies to the department to the exclusion of a civil service system created under . . . (Article 2372h-6, Vernon's Texas Civil Statutes), or any other law. (Emphasis added).

Section 10 indicates the legislative intent that article 2372h-8, V.T.C.S., prevail over other laws governing the employment rights of employees of the sheriff's department. We do not believe that the legislature intended article 2372h-8, V.T.C.S., to prevail over all other Texas statutes which apply to deputy sheriffs. See Attorney General Opinion H-753 (1975) (civil service act did not supplant state age discrimination statute). However, we believe it does prevail over the revocation provision of article 6869, V.T.C.S., which covers essentially the same ground as section 6(a) of article 2372h-8, V.T.C.S.

Finally, article 2372h-8, V.T.C.S., is the later enactment, and to the extent it is inconsistent with the earlier enacted article 6869, V.T.C.S., it will prevail over it. See Acts 1981, 67th Leg., ch. 119, at 295 (enacting V.T.C.S. art. 2372h-8); Acts 1889, 21st Leg., ch. 30, at 23 (enacting predecessor of article 6869, V.T.C.S.); Projects American Corp. v. Hilliard, 711 S.W.2d 386, 389 (Tex. App. - Tyler 1986, no writ).

The provisions in article 6869, V.T.C.S., for revocation of a deputy's appointment upon his felony indictment do not apply to deputies subject to a civil service system established under article 2372h-8, V.T.C.S. Deputies exempted from the civil service system pursuant to section 8(a) of article 2372h-8, V.T.C.S., remain subject to revocation of their appointment upon indictment in accordance with article 6869, V.T.C.S. See also V.T.C.S. art. 4413 (29aa), §8A (conviction of a felony causes peace officer to lose peace officer license issued by Commission on Law Enforcement Officer Standards and Education).

You point out that the Bexar County sheriff's civil service commission has adopted rules relating to dismissals of employees. You inform us that the rules provide that "[a]n employee may be dismissed from the Sheriff's Department for just cause." The rules also state that "cause" for a dismissal includes but is not limited to

> violation of any lawful or reasonable statute, regulation or order such as a felony . . . conduct or action that would seriously impair job effectiveness; and conduct which has proven to be detrimental or has an adverse effect on the Department.

This rule of the Bexar County civil service system is similar to that of other civil service systems which provide for suspension or dismissal of an employee upon indictment or commission of a crime. See, e.g., Abrams v. U.S. Department of the Navy, 714 F.2d 1219 (3d Cir. 1983) (violent crime off-duty); Jankowitz v. United States, 533 F.2d 538 (U.S. Ct. Cl. 1976) (indefinite suspension without pay of federal employee following indictment); Hooks v. State Personnel Board, 168 Cal. Rptr. 822 (Cal. App. 3d 1980) (peace officers may be discharged for violating laws they are employed to enforce); Chang v. Palos Verdes Estates, 159 Cal. Rptr. 630 (Cal. App. 3d 1979) (discharge of fireman for drug use); Annot., 25 A.L.R. Fed. 443, §6 (cases on discharge of civil service employee because of a criminal conviction).

The Bexar County sheriff's department civil service commission therefore does deal with the problems that arise when a deputy is indicted or is alleged to have committed a felony. Although the commission's approach to the problem may cost the county more money than the approach required by article 6869, V.T.C.S., we cannot for that reason alone conclude that the revocation provision of article 6869, V.T.C.S., prevails over article 2372h-8, V.T.C.S.

## S U M M A R Y

The provision of article 6869, V.T.C.S., that a deputy sheriff's appointment will be revoked by his indictment for a felony does not apply to deputy sheriffs subject to a civil service system created pursuant to article 2372h-8, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General