Edward **MOTT,** Debbie **McDonald,** Billy **Knight,** B.S. **Miller,** Norman **Sheffield,** William **Driver,** Thomas **Thompson,** and Raymond **Brandon,** Appellants,

v.

**MONTGOMERY COUNTY, TEXAS** and Charles **Hayden,** Appellees.

No. 09–93–192 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 19, 1994.

Decided Aug. 25, 1994.

Rehearing Overruled Oct. 6, 1994.

Lester R. Buzbee, III, Behler, Buzbee & Associates—Humble, for appellants.

Frank H. Bass, Jr., County Atty., Hal Agron, Asst. County Atty., Conroe, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is a lawsuit for wrongful termination and discharge from employment. Appellants, Edward Mott, Debbie McDonald, Billy Knight, B.S. Miller, Norman Sheffield, William Driver, Thomas Thompson and Raymond Brandon, brought suit against Appellees, Montgomery County, Texas, and Charles Hayden, newly elected Commissioner of Precinct No. 4 of Montgomery County, Texas, contending that their employment discharge resulted from breach of contract, violation of public policy, violation of free speech, and denial of due process.

Appellees, defendants below, filed motion for summary judgment on all issues, same being granted by the trial court which found that appellants' employment termination did not violate: the Montgomery County Personnel Policy Manual ("County's Employment Manual"), public policy, plaintiffs due process rights, and plaintiffs first amendment rights. Appellants are appealing the trial court's granting of that summary judgment.

Factually, appellants were employees of Montgomery County, Texas, and worked under Precinct No. 4 Commissioners Jim Simmons and Albert Vernon ("Bull") Sallas prior to the election of Commissioner Charles Hayden (appellee) in November, 1990. In December, 1990, appellee Hayden gave notice to appellants that he would not be retaining them when he took office in January, 1991. The former Commissioners Simmons and Sallas had made no guarantee or promise to appellants of continued life-long employment with Montgomery County, Texas, nor did they have the authority to do so. Appellee Hayden made no guarantee or promise that appellants would continue employment with Montgomery County. The County's Employment Manual contains a disclaimer which provided that: "[t]his manual does not constitute a contract for employment with Montgomery County, either express or implied ..." Appellees contend that appellants were employees-at-will, subject to termination for good cause, bad cause, or no cause.

Appellants bring two points of error contending that the trial court erred in granting summary judgment favorable to defendants because there exists issues of material facts generally. Appellants also allege that the trial court erred in granting summary judgment because there exists material fact issues on the issue of public policy.

■ Without question, appellants' employment with Montgomery County was for an indefinite period of time. In Texas when the term of employment is indefinite and absent a specific contract to the contrary, such employment is terminable at-will and without cause by either party. *Winters v. Houston Chronicle Pub. Co.*, 795 S.W.2d 723 (Tex.1990); *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888). In this State our common law creates a presumption that employment is terminable at the will of either party. From an employer's perspective, the "at-will" doctrine means that the employer may terminate an employee for good cause, for bad cause, or no cause, provided that the termination does not violate the terms of a statute, an employment contract, or result from an employee's refusal to commit an illegal act. *Sabine Pilot Service, Inc.*

*v. Hauck,* 687 S.W.2d 733 (Tex.1985); *Stiver v. Texas Instruments, Inc.,* 750 S.W.2d 843 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Currey v. Lone Star Steel Co.,* 676 S.W.2d 205, 212 (Tex.App.—Fort Worth 1984, no writ).

■ Appellants did not allege that the termination of their employment resulted from a violation of statute or from their refusal to commit an illegal act. Furthermore, appellants introduced no evidence of a contract for a specific term or that any contractual provision prevented their dismissal without cause.

■ Appellants' contention that their job termination violated due process standards is without merit. An at-will employment relationship, standing alone without benefit of recognized exception, triggers no due process requirement nor right. In order to reach that protective shield offered through due process concepts, an employee must first have a cognizable property interest in continued employment. *Senegal v. Jefferson County,* 785 F.Supp. 86 (E.D.Tex. 1992) *aff'd,* 1 F.3d 1238 (5th Cir.1993). This protected property interest in employment exists where the employee has "a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Sources giving rise to such a property interest may be state statute, local ordinance, rules, or a mutually explicit understanding. *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *White v. Mississippi State Oil and Gas Bd.,* 650 F.2d 540, 541 (5th Cir.1981). Regardless of the source however, "the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). It is clear that in the State of Texas an at-will employment relationship, in and of itself, creates no property interest in continued employment. *See White,* 650 F.2d at 542. Appellants say that the Montgomery County Employment Manual creates their entitlement to a property interest. Montgomery County's Employment Manual does not create an express written contract of employment with appellants but to the contrary specifically disclaims such. Section 1.3–2 of the County's Employment Manual provided:

> [T]his manual does not constitute a contract for employment with Montgomery County, either express or implied ... and Montgomery County reserves the right at any time to change, delete or add to any of the provisions in its sole discretion.

■ In *Reynolds Mfg. Co. v. Mendoza,* 644 S.W.2d 536 (Tex.App.—Corpus Christi 1982, no writ), the employee sued his employer for wrongful termination contending that since the employee handbook referred to discharge only for "good cause," his employer could not discharge him without following the employer's established progressive disciplinary procedures. The trial court held favorably for the employee. The Corpus Christi Court reversed, holding that contractual attacks upon the at-will doctrine must be based on express, rather than implied, agreements. In that opinion, the Corpus Christi Court dismissed the significance of the employee handbook stating:

> While it is an established rule that an employer may contractually limit its ability to terminate the employment of an "at will" employee, as held in *Mansell v. Texas & P. Ry. Co.* [135 Tex. 31], 137 S.W.2d 997 (Tex.Comm'n App.1940, opinion adopted), and in *Hardison v. A.H. Belo Corporation,* 247 S.W.2d 167 (Tex.Civ.App.—Dallas 1952, no writ) ... the facts in the case now before us preclude the application of such rule. In both *Mansell* and in *Hardison,* there existed by express agreement between the employer and the employee ... certain procedures for 'employee discharge.' That is not the case presented in this appeal.
>
> Here, there is no evidence of any express agreement which dealt with procedures for discharge of employees, unless the employee handbooks can be read as such. We do not believe that they can be so read. Reynolds was in no way prevented from unilaterally amending or even totally withdrawing its handbook. In fact, the original handbook was amended once during Mendoza's employment. We believe that the handbooks constituted no more than general guidelines. They were by no means

comprehensive, nor were they intended to be implemented as the sole means to terminate contracts of employment.

*Reynolds Mfg. Co.,* 644 S.W.2d at 538–539. *See also Hicks v. Baylor University Medical Center,* 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied). The evidence before the trial court corroborated appellants "at-will" status. With the exception of appellant Mott, all appellants filled out and signed employment applications prior to their employment with appellee county. All applications contained a statement that appellee did in fact: "Understand that this application is not, and is not intended to be, a contract of employment." Those commissioners preceding the newly elected Commissioner Hayden, appellee, gave no guarantee or promise to appellants regarding continued employment with Montgomery County. Appellants do not contend that appellee Hayden promised or guaranteed their continued employment with Montgomery County. Appellants have failed to identify any state statute, local ordinance, rule or mutually explicit understanding designed to legitimize their claim of entitlement to continued employment, thus, appellants have failed to establish a property interest in their employment with Montgomery County as a matter of law. We find no error in the trial court's granting of appellees' summary judgment as no genuine issue of material fact existed on those issues heretofore discussed.

■ We must address appellants' contention that their respective employment positions made them "public employees," thereby creating a special relationship between appellants as employees and the government. Appellants attempt to equate their status and relationship to the duty existing between an insurer and its insured. Furthermore, appellants tell us that the wholesale discharge of government employees constitutes a breach of implied covenant of good faith and fair dealing, citing *Arnold v. Nat. County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1987). Texas has not yet extended the theory of implied good faith and fair dealing to the employment relationship and this Court shall not pioneer that effort. There does exist in our State those certain instances where good faith and fair dealing may be implied through certain specially created relationships. *See English v. Fischer,* 660 S.W.2d 521 (Tex. 1983); *McClendon v. Ingersoll–Rand Co.,* 779 S.W.2d 69 (Tex.1989). Neither our State Legislature nor the Texas Supreme Court has recognized an implied covenant of good faith and fair dealing in employment relationships. *See Hicks,* 789 S.W.2d at 303; *Winograd v. Willis,* 789 S.W.2d 307, 312 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Appellants' contention that appellee Montgomery County owed to them an implied covenant of good faith and fair dealing is without merit.

■ Appellants further contend that their employment termination violated public policy. Employment at-will is not contrary to public policy, statutes, or the common law of Texas. *See Watson v. Zep Mfg. Co.,* 582 S.W.2d 178, 179 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Presently, the only recognized public policy exception to the at-will relationship is that set forth in *Sabine Pilot,* 687 S.W.2d at 733. *Sabine Pilot* is clearly a statement of public policy that an employee may not be discharged for the refusal to commit an illegal act. The common law of the State of Texas has continued to hold the line to this narrow exception.[1] *See Winters,* 795 S.W.2d at 723; *Hancock v. Express One Intern., Inc.,* 800 S.W.2d 634 (Tex.App.— Dallas 1990, writ denied); *Burt v. City of Burkburnett,* 800 S.W.2d 625 (Tex.App.— Fort Worth 1990, writ denied); *Paul v. P.B.– K.B.B., Inc.,* 801 S.W.2d 229 (Tex.App.— Houston [14th Dist.] 1990, writ denied).

In conclusion, appellants fail to plead any specific factual allegations or present any

---

**1.** The Texas Supreme Court's decision in *McClendon,* 779 S.W.2d at 69, reversed in *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), was an attempt to expand the narrow public policy exception to hold that the at-will doctrine does not bar employees from recovering damages if they can prove that the employer fired them to avoid paying benefits under a pension plan. The United States Supreme Court, in reversing the Texas Supreme Court, determined that the Federal Employee Benefit Law (ERISA) preempted *McClendon's* state law claim. As a consequence, employees will not be able to sue for damage awards under state law for claimed violations of their rights under benefit plans covered by ERISA.

**640**

competent summary judgment evidence that their respective terminations was a matter of public concern. Appellants contend that their dismissal constituted "patronage dismissals," same being forbidden by *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

 Once a movant has established the right to a summary judgment on the issues presented, the non-movant has the burden of introducing evidence that raises issues of fact. *Federated Dept. Stores v. Houston Lighting,* 646 S.W.2d 509, 511 (Tex. App.—Houston [1st Dist.] 1982, no writ). The non-movants rebutting evidence must be of probative force. *See Woolhouse v. Tolchin Instruments, Inc.,* 601 S.W.2d 106 (Tex.Civ. App.—Dallas 1980, no writ). In response to appellees' motion for summary judgment, appellants presented affidavits alleging that they were discharged for openly supporting and working for the election of appellee Hayden's opponent. These affidavits contain only subjective opinions and conclusions which do not constitute competent summary judgment evidence. *See Inwood Forest, Etc. v. R.J.S. Development,* 630 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1982, no writ). Appellants, having failed to properly controvert appellees' summary judgment evidence, we find no error in the trial court's granting of summary judgment favorable to appellees.

AFFIRMED.