TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00075-CV







Cheryl Coté, Appellant



v.



Shirley Rivera, Individually and in her Official Capacity;


Linda Green, Individually and in her Official Capacity;


Steve Robinson, Individually and in his Official Capacity;


and Travis County, Texas, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 461,496, HONORABLE JAMES R. MEYERS, JUDGE PRESIDING







 Appellant Cheryl Coté filed a wrongful termination suit against appellees Shirley
Rivera, Linda Green, Steve Robinson, and Travis County. The trial court granted appellees'
second motion for summary judgment. Coté appeals the order. The primary issue on appeal is
whether Coté had a property interest in her job or whether she was an at-will employee of Travis
County. We will affirm the summary judgment.



BACKGROUND


 Coté worked at the Travis County Juvenile Court Department as a clerk in the
accounting section. Appellee Steve Robinson was the Chief Juvenile Probation Officer. Appellee
Shirley Rivera was the Assistant Chief Probation Officer in charge of the Domestic Relations
Division. Appellee Linda Green was the Administrative Secretary who supervised the support
staff, including Coté.

 On March 23, 1987, Coté was involved in a confrontation with the Honorable
Jeanne Meurer, who was a Master for the district courts at that time. Meurer used a computer
in the accounting department of the Domestic Relations Office to check the payment records of
a case pending before her court. Meurer and Coté engaged in an unpleasant exchange of words
concerning the propriety of Meurer's using the computer. 

 After the disagreement, Meurer went to Rivera's office to discuss a case. Coté
complained to her immediate supervisor, Betty Davis, that Meurer had insulted her. Davis
suggested Coté voice her complaint to Green. Coté went to Green's office and began yelling
loudly about what she perceived as mistreatment by Meurer. Rivera and Meurer entered Green's
office whereupon Coté began yelling at Meurer. Rivera repeatedly cautioned her to stop and
warned her that she was committing "gross misconduct." Coté acknowledged Rivera's statements,
but continued to yell at Meurer.

 Robinson subsequently investigated the incident. On March 24, Coté gave him a
statement which described the incident and her complaints against Meurer. Robinson also
interviewed Davis at Coté's suggestion. He determined that Coté's continued employment was not
in the best interest of the Juvenile Court. On April 3, 1987, Robinson notified Coté that she was
terminated effective April 7, 1987. 

 Pursuant to the Travis County Policies and Procedures, Coté filed a grievance with
the Travis County Personnel Department. Coté was allowed an evidentiary hearing in front of the
Travis County Grievance Panel on April 30, 1987. Coté was represented at the hearing by José
Briceno, a labor representative from the American Federation of State, County and Municipal
Employees, AFL-CIO. Each party was allowed to present witnesses. 

 Coté's primary witness, Davis, did not attend the hearing. The parties disagree as
to why Davis did not attend. Coté contends that appellees conspired to prevent Davis from
testifying. Coté claims that Davis was forced to remain at the office support window to accept
payments because the appellees called all of the other employees in Davis's section of the office
to the hearing. In response, appellees point to evidence in the record which indicates that Coté
never formally asked Davis to testify. Furthermore, at the time Coté's representative concluded
his presentation, appellees had not yet summoned their witnesses who worked in the office with
Davis. Therefore, the record indicates that Davis was not forced to remain alone at the office at
the time she was expected to testify. Despite Davis's absence, the grievance panel issued a non-binding recommendation that Coté be reinstated and receive back pay. 

 The Travis County Juvenile Board, the governing body of the Travis County
Juvenile Court, reviewed the grievance panel's recommendation and the record of the hearing. 
The Board sent Coté a letter requesting any additional information which she wanted them to
consider. A three-member panel of the Board then reviewed the incident. Steve Robinson
attended the meeting and provided the board members with a copy of Davis's written statement. 
After reviewing the information available to them, the Board voted unanimously to uphold Coté's
termination.

 Coté filed this wrongful termination suit in district court on April 7, 1989. She
alleged that the employee handbook entitled "Travis County Policy and Procedures" constituted
a contract for employment and created a property interest in her position. Among her causes of
action, Coté alleged wrongful termination, violation of the property rights in her employment,
breach of contract, and tortious interference with a contract. Coté also alleged intentional
infliction of emotional distress, gross negligence, defamation, and violation of her constitutional
rights under Article I, sections 8, 19, and 27 of the Texas Constitution. Appellees filed a motion
for summary judgment. The trial court denied this motion without explanation.

 Appellees filed a second motion for summary judgment, which included an
additional argument based on a statute governing the Travis County Juvenile Board. Act of May
20, 1961, 57th Leg., R.S., ch. 188, 1961 Tex. Gen. Laws 372 (Tex. Rev. Civ. Stat. Ann. art.
5139KK, since repealed) (hereinafter "article 5139KK"). The statute provided that assistants
appointed by the Chief Probation Officer to aid in receiving and disbursing funds "may be
removed by the appointing authority at any time." Id. Appellees argued that the statute created
an at-will employment relationship and did not confer any property right in Coté's job. Appellees
also argued that if a contract did exist, it would contravene state law and be unenforceable. The
trial court issued an order granting the second summary judgment motion without explanation. 
Coté appeals from that order.


 

DISCUSSION


 In her first point of error, Coté contends that the trial court erred in granting
appellee's second motion for summary judgment because Coté had a property or contract interest
in her position, and because the contract was enforceable and did not contravene state law. The
standards for reviewing a motion for summary judgment are well established: (1) The movant for
summary judgment has the burden of showing that no genuine issue of material fact exists and that
she is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material
fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as
true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985).

 Texas is an employment at will state. The general rule is that employment for an
indefinite term may be terminated at will and without cause by either party. East Line & R.R.R.
Co. v. Scott, 10 S.W. 99, 102 (Tex. 1888); Reynolds Mfg. Co. v. Mendoza, 644 S.W.2d 536, 538
(Tex. App.--Corpus Christi 1982, no writ). In order to determine whether Coté altered her at-will
status and had a protected property interest in her continued employment, we first examine the
relevant statute, section 4 of article 5139KK. Section 4 applied to assistants of the Chief
Probation Officer who receive and disburse funds. Coté, a clerk in the accounting department,
clearly fell within the statute. 

 Article 5139KK reaffirmed in statutory form Texas's at-will employment rule. 
Section 4 unequivocally stated that assistants "may be removed by the appointing authority at any
time." Art. 5139KK, § 4 (emphasis added). If statutory language is clear and plain, a reviewing
court is bound by the language's plain meaning. Texans to Save the Capitol, Inc. v. Board of
Adjustment, 647 S.W.2d 773, 775-76 n.4 (Tex. App.--Austin 1983, writ ref'd n.r.e.). The plain
meaning of the statute is that assistants could be terminated at the appointing authority's
discretion, and that they did not have a property interest in continued employment.

 The Fifth Circuit has interpreted the same language to mean at-will employment. (1) 
Garza v. Rodriguez, 559 F.2d 259 (5th Cir. 1977), cert. denied, 439 U.S. 877 (1978). In Garza,
the court interpreted article 5152 of the Texas Revised Civil Statutes, a similar statute governing
the removal of juvenile probation officers. The relevant portion of the statute contained language
almost identical to article 5139KK: a juvenile officer "may be removed from office by the power
appointing him at any time." Tex. Rev. Civ. Stat. Ann. art. 5142 (West 1977). The Fifth Circuit
determined that the officers were at-will employees who could be removed for any reason or for
no reason at all, and held that the employee so removed had not been wrongfully terminated. 
Garza, 559 F.2d at 260. 

 Article 5139KK did not specify any definite term of employment for the assistants. 
If a term of service is indefinite and has no contractual limitation, either party may terminate the
employment at will and without cause. Mott v. Montgomery County, 882 S.W.2d 635, 637 (Tex.
App.--Beaumont 1994, writ denied); Reynolds, 644 S.W.2d at 538. Therefore, article 5139KK
created an at-will employment relationship for the persons to whom the statute applied. Coté had
no legitimate expectation of continued employment. 

 Coté argues, however, that at-will employment status under the statute could be
altered by contract to create a property interest in her continued employment. Appellees, on the
other hand, contend that the statute precluded contracts that alter the at-will relationship. 
Appellees argue that Murray v. Harris, 112 S.W.2d 1091 (Tex. Civ. App.--Amarillo 1938, writ
dism'd), is dispositive of this case. Murray involved the interpretation of a statute which provided
that a sheriff could appoint deputies to serve at the pleasure of the sheriff. Murray, a deputy,
entered into a written contract with the sheriff that his employment would continue until the end
of the sheriff's term in office. When the sheriff fired Murray one year before his term expired,
Murray sued to recover compensation for the remaining time period. The court held that the
sheriff could not contract to hire a deputy for a specific term of employment in violation of the
statutory mandate that deputies serve at his pleasure. Id. at 1093-94. The contract right which
Coté alleges differs from the contract right in Murray. Coté does not claim that a contract existed
which specified a term of employment. Rather, she alleges that the personnel policies allowed
appellees to terminate her only for good cause, thus creating an expectation of continued
employment. Murray does not concern the ability of an employer to limit the reasons for which
it may terminate an employee. Assuming without deciding that Travis County could alter Coté's
at-will employment status, we will assess whether the employee personnel handbook in question
accomplished that result. 

 Coté claims that the employee handbook constituted a contract which altered her
at-will status. However, any modification of the at-will status must be based on express
agreements rather than implied agreements. Mott, 882 S.W.2d at 638; Reynolds, 644 S.W.2d at
538-39. An agreement to modify the at-will employee status must be clear and explicit. Martinez
v. Hardy, 864 S.W.2d 767, 775 (Tex. App.--Houston [14th Dist.] 1993, no writ). Coté did not
allege or offer evidence of any express written or oral agreement that the handbook created a
contract for employment.

 Federal cases support the requirement of an express agreement. In Joachim v.
AT&T Info. Sys., 793 F.2d 113, 114 (5th Cir. 1986), the court found that if no express reciprocal
agreement dealing with procedures for discharge exists, an employee handbook provides only
general guidelines. Personnel policies, standing alone, do not limit an employer's ability to
terminate an at-will employee. Glagola v. North Tex. Mun. Water Dist., 705 F. Supp. 1220,
1223 (E.D. Tex. 1989). 

 Some federal cases have found that employee handbooks created a property right
in employment. See Schaper v. City of Huntsville, 813 F.2d 709 (5th Cir. 1987); Bueno v. City
of Donna, 714 F.2d 484 (5th Cir. 1983). In Schaper and Bueno, the handbooks expressly
provided that the employee could be terminated only for good cause. Schaper, 813 F.2d at 713-14; Bueno, 714 F.2d at 492. However, the Fifth Circuit held in another case that a handbook
requiring a "valid reason" for termination did not create a property interest. Evans v. City of
Dallas, 861 F.2d 846, 849 (5th Cir. 1988). The Evans court evaluated the handbook as a whole
in determining that it established only a procedure through which termination must be
accomplished. The court found that the procedures in the handbook did not alter the employer's
ability to terminate the employee without cause at any time. Id. at 849-50. 

 The handbook given to Coté did not state that she could be fired only for good
cause; it merely established certain procedures for termination of an employee. (2) The procedures
provided that grievances for improper dismissal would be heard before a grievance panel of the
Juvenile Board, and that each party would be allowed to present documentary evidence and
testimony of witnesses. The grievance panel's recommendations would be reviewed by the
Juvenile Board for a final decision. Providing employees procedural rights that protect due
process, such as hearings and grievance proceedings, does not create a property interest in the
employee's job. Renken v. Harris County, 808 S.W.2d 222, 225 (Tex. App.--Houston [14th Dist.]
1991, no writ); Evans, 861 F.2d at 850. An employee who is afforded these rights may retain
at-will status. Renken, 808 S.W.2d at 225. In other words, the existence of procedures cannot
be used to "bootstrap" an employee into having an entitlement. Evans, 861 F.2d at 850. The fact
that Coté was given procedural rights in the handbook did not create a property interest in her
continued employment. Furthermore, any procedural rights created by the handbook were
provided to Coté. She had a hearing before a grievance panel, a review of the panel's findings
by the Board, and the opportunity to provide additional information for the Board's consideration. 


 Coté alleges the procedures she received were unfair because she was unable to
fully present her case. She claims that Davis was intentionally prevented from testifying at the
hearing. This argument is without merit. As discussed above, Davis was not forced to remain
in the office during the hearing. Even if Davis had been prevented from testifying, Coté can show
no harm because the grievance panel found in her favor and recommended she be reinstated. Coté
also claims her case was not presented fairly to the three-judge panel of the Juvenile Board
because only Robinson was present at the meeting. The Board, however, sent a letter to Coté
requesting any additional information that she wanted it to consider. The Board had the entire
record on which the grievance panel based its recommendation and also had Davis's written
statement. The Board possessed more information favorable to Coté than did the grievance panel. 
There is no indication that the procedural guarantees provided to Coté were unfair. We conclude
that the employee handbook in question constituted only general guidelines, and did not create a
property right in continued employment.

 Because the handbook did not contain an express agreement and provided only
general guidelines for termination, we hold that the handbook did not constitute a contract between
Coté and appellees. Thus, Coté remained an at-will employee under article 5139KK. The trial
court did not err in granting appellees' motion for summary judgement; Coté was an at-will
employee. An at-will employee has no interest in continued employment and thus no protected
property interest in her job. Whitehead v. University of Tex., 854 S.W.2d 175, 181 (Tex.
App.--San Antonio 1993, no writ). Furthermore, Coté received all the procedural guarantees
provided in the employee handbook. We overrule Coté's first point of error.

 Having determined that Coté was an at-will employee, we now address her other
claims. In her second point of error, Coté contends that the trial court erred in granting the
summary-judgment motion because appellees did not sufficiently prove that there were no
contested facts. The proper standard for granting a summary judgment, however, is whether there
are any genuine issues of material fact. Nixon, 690 S.W.2d at 548-49. Coté alleges disputes exist
concerning her claims for tortious interference with a contract, violation of property rights and
due process rights, defamation, intentional infliction of emotional distress, and violation of her
constitutional rights under Article I, sections 8 and 27 of the Texas Constitution. (3) Coté also
attacks the trial court's failure to award her attorney's fees.

 Coté's cause of action for tortious interference with a contract depends on the
existence of a valid contract that is subject to interference. O'Connor v. Glitsch Eng'g & Sales
Corp., 589 S.W.2d 808, 809 (Tex. Civ. App.--Dallas 1979, no writ). Because the employee
handbook did not constitute a contract, Coté has no claim for tortious interference. 

 Coté's claims for violation of her property and due process rights lack merit. To
invoke due process protection, an employee must have a cognizable property interest in continued
employment. Mott, 882 S.W.2d at 638. Coté had no property interest in her position because an
at-will employment relationship creates no property interest in continued employment. Id. 

 Coté alleged a cause of action for defamation based on certain statements that
appellees made at the evidentiary hearing. Coté filed this suit on April 7, 1989, more than one
year after the date the statements were made on April 30, 1987. The claim is barred by the one-year statute of limitations. Tex. Prac. & Rem. Code. Ann. § 16.002 (West 1986). 

 Coté alleges that her claim for intentional infliction of emotional distress involved
disputed fact issues. In order to recover for the tort, the plaintiff must show: (1) the defendant
acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of
the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was
severe. Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993). Outrageous conduct goes
"beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in
a civilized community." Id. at 621. The Supreme Court has stated that when an employer
discharges an at-will employee, the termination itself "as a matter of law cannot constitute
outrageous behavior." Wornick Co. v. Casas, 856 S.W.2d 732, 735 (Tex. 1993). We hold, as
a matter of law, that the manner in which Coté was terminated was not "outrageous." She was
afforded notice and the opportunity to file a grievance with the Juvenile Board. Since Coté did
not allege the required element of outrageous conduct, she has no claim for intentional infliction
of emotional distress.

 Coté alleges infringement of her constitutional rights of free speech under Article
I, section 8, and violation of her rights under Article I, section 27. She does not identify which
right was violated under section 27. Throughout the pleadings, the responses to motions for
summary judgment, and the brief to this court, she alleged no facts giving rise to any of these
claims. Moreover, she was afforded all her due process rights during the grievance proceedings. 
We find no factual basis for these claims and, therefore, no factual dispute. Furthermore, the
supreme court has recently held that there is no implied private right of action for damages under
the Texas Constitution when an individual alleges violation of speech and assembly rights under
Article I, sections 8 and 27 of the Texas Constitution. City of Beaumont et. al. v. Bouillion et.
al., 38 Tex. Sup. Ct. J. 267 (Feb. 18, 1995). We overrule Coté's second point of error.

 Because none of Coté's claims present genuine issues of material fact, we conclude
that the trial court correctly granted summary judgment for appellees. Therefore, we need not
address Coté's claim for attorney's fees. The trial court's judgment is affirmed.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: March 8, 1995

Publish

1.   Many wrongful termination cases that discuss at-will employment arise in federal court. 
While these cases are not binding authority, we look to them for guidance in our
interpretation.
2.   The handbook states in part that:


 "An employee may be dismissed from work without notice for just cause
which includes:


 1. Accepting bribes in the course of work;


 2. Negligent or willful damage of public property;


 3. Falsification of official documents or records;


 4. Unauthorized use or disclosure of information which is restricted by
law; and


 5. Gross misconduct."


 The examples given in the handbook describe conduct which justifies dismissal without
notice. It is not an exhaustive list, and it does not limit in any way the reasons for which an
employee may be dismissed in accordance with the procedures in the handbook. 
3.   Article I, section 8 guarantees the right to free speech. Article I, section 27 guarantees the
right to assembly and the right to petition for redress of grievances. Coté does not specify which
of the rights under section 27 were violated.