**COMMISSIONERS COURT OF SHELBY COUNTY, Texas, Appellant,**

v.

**Paul ROSS, Sheriff of Shelby County, Texas, Appellee.**

No. 12–88–00196–CV.

Court of Appeals of Texas, Tyler.

March 22, 1991.

Bill Warren, Center, for appellant.

Tim James, Nacogdoches, for appellee.

## OPINION ON MOTION FOR REHEARING

BILL BASS, Justice.

On motion for rehearing, our opinion of July 31, 1990, is hereby withdrawn and the following substituted therefor.

The Commissioners Court of Shelby County appeals from a declaratory judgment finding that the Commissioners Court may not terminate, suspend, or attempt to terminate or suspend the Shelby County Sheriff's deputies. The Commissioners Court was also permanently enjoined from suspending or terminating the Sheriff's deputies, or attempting to do so by suspending the payment of the deputies' already authorized salaries. We affirm the judgment of the trial court.

In an apparent effort to comply with the FAIR LABOR STANDARDS ACT of 1938, 29 U.S.C. § 201, *et seq.*, the Commissioners Court adopted an overtime policy in November of 1987 providing that should a county employee work in excess of forty hours during any one work week, that employee would be required to take the appropriate compensatory time off the following work week. Shortly after its adoption, three sheriff's deputies violated the policy by failing to take the appropriate compensatory time off during the following week.

The Commissioners Court notified the Sheriff and each of the offending deputies that a hearing would be held to determine the appropriate disposition of the matter. At the conclusion of the hearing, the Commissioners Court suspended the three deputies for thirty days without pay. The deputies were allowed to return to work after the suspension period. However, they were informed that future violations of the overtime policy would result in the termination of the offending deputies' employment. The Sheriff consequently brought this action for declaratory judgment and to enjoin the Commissioners Court from suspending or terminating or attempting to suspend or terminate the Sheriff's deputies.

The trial court found that Tex.Loc.Gov't Code Ann. § 85.003 (Vernon 1988)[1] forbids the Commissioners Court from suspending or terminating the deputies. The trial court also permanently enjoined the Commissioners Court from:

> "Suspending," "terminating," or in any other such manner attempting to alter the employment status of the duly appointed deputy sheriffs of Shelby County; .... From holding or suspending payment of the salary heretofore budgeted and authorized for any employee of the Sheriff's Department of Shelby County.

■ In its first point of error, the Commissioners Court contends that the trial court erred in enjoining it from suspending or terminating the disobedient deputy sheriffs because the legality of the actions of the Commissioners Court and its right to discharge the deputies may be deduced from the duties assigned the Commissioners Court by our Constitution and statutes.

The Sheriff, like other district, county, or precinct officers who require the services of deputies or assistants, must first apply to the commissioners court for the authority to appoint such employees; the application to state the number of employees required, their titles and their compensation. *Section* 151.001. The commissioners court then determines the number of employees authorized to be appointed. *Section* 151.002. Once this authorization is granted, the county officer requiring the employees may proceed to appoint them. *Section* 151.003. The commissioners court must also set the compensation and expenses of county and precinct officers paid wholly from county funds. *Section* 152.011.

The Commissioners argue that the right to discharge or suspend the disobedient deputies is implicit in the authority of the Commissioners Court to create the positions in the first instance, and to provide for their salaries and expenses. They also argue that this right is a necessary corollary to their general budgetary power, because it is essential for the proper exercise of that responsibility.

However, the Local Government Code expressly provides that a deputy sheriff "serves at the pleasure of the sheriff." *Section* 85.003. This language has been interpreted to mean that both the appointment and tenure of a sheriff's deputy depend upon the sheriff's sole discretion. *Murray v. Harris*, 112 S.W.2d 1091, 1093 (Tex.Civ.App.—Amarillo 1938, writ dism'd). The rationale underlying this provision grows out of the deputy's power to perform all the duties of his principal, the sheriff, except to appoint other deputies. *Id.* In *Murray*, the court said:

> [b]y including such provision in the law, the Legislature established a public policy to the effect that officers elected by the people to discharge public trusts and upon whose shoulders rests the responsibility for their proper discharge should be free to select persons of their own choice to assist them in the discharge of the duties of their officers.

*Id.* Several similar cases grant Texas sheriffs virtually unbridled authority in choosing their personnel, restricted only by certain basic constitutional considerations. *Irby v. Sullivan*, 737 F.2d 1418, 1421 (5th Cir.1984); *White v. Thomas*, 660 F.2d 680, 684 (5th Cir.1981); *Barrett v. Thomas*, 649 F.2d 1193, 1199 (5th Cir.1981), *cert. denied*, 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440; *see also Samaniego v. Arguelles*, 737 S.W.2d 88, 89 (Tex.App.—El Paso 1987, no writ). On the other hand, the commissioners court or members of the court are expressly forbidden to attempt to influence the appointment of any person to an employee position authorized by the court. *Section* 151.004. The commissioners court may limit the number of deputies authorized, but it has no power over naming the individuals to be appointed. *Tarrant County v. Smith*, 81 S.W.2d 537, 538 (Tex. Civ.App.—Fort Worth 1935, writ ref'd).

■ We conclude that while it is the commissioners court which possesses the

---

1. All statutory references in this opinion are to Tex.Loc.Gov't Code Ann. (Vernon 1988) unless otherwise indicated.

authority to determine the number of deputies to be appointed and their compensation, it is the sheriff who has the absolute right to determine the persons to be appointed. The district court has appellate jurisdiction and general supervisory control over the county commissioners court. TEX. CONST. art. V, § 8. In the exercise of its supervisory control, the district court may intervene to enjoin or set aside acts of the commissioners court that are either illegal, arbitrary, or capricious. *Bomer v. Ector County Commissioners Court,* 676 S.W.2d 662 (Tex.App.—El Paso 1984, writ ref'd n.r.e.). Unlike the injunction in *Weber v. City of Sachse,* 591 S.W.2d 563 (Tex.App.—Dallas 1979, writ dism'd), relied on by appellants, the judge's order in the instant case did not interfere with the reasonable discretionary legislative acts of the Commissioners Court. The acts of the Commissioners Court in suspending or threatening to discharge the three deputies were clearly contrary to the applicable statute and therefore beyond its authority. The trial court did not err in enjoining such acts. The appellant's first point is overruled.

■ In its second point, the Commissioners Court contends that "the trial court erred in granting the injunctive relief, because the separation of powers doctrine authorizes the Commissioners Court to protect its jurisdiction by the only effective tool, i.e., suspension or termination of employees who violate the overtime policy." The Commissioners Court maintains that the "inherent powers" doctrine extends to enforce the legislative right of the Commissioners Court to do what is necessary to preserve its jurisdiction over those areas of responsibility delegated to the legislative branch of government. In the appellant's view, the separation of powers doctrine prevents a judicial officer, the district judge, from infringing upon the role of a legislative body, the Commissioners Court, in the exercise of its proper legislative function.

■ The offices of sheriff and district judge, as well as the commissioners court, are all creations of the judicial article of the Texas Constitution. TEX.CONST. art. V.

However, the Legislature has delegated to the commissioners courts the responsibility to provide for and compensate county and precinct officials and their employees. *Section* 152.011. In setting the salaries and expenses of county and precinct officials and in many other functions, the commissioners courts act as part of the legislative branch of government. *Vondy v. Commissioners Court of Uvalde County,* 620 S.W.2d 104 (Tex.1981). Inherent powers are intrinsic to both the judicial and the legislative branches. Alone among the three branches, the executive lacks inherent powers. G. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 302.

However, although the TEXAS CONSTITUTION expressly mandates a separation of governmental powers among the executive, legislative, and judicial branches, "except in the instances herein expressly permitted," TEX.CONST. art. II, § 1, the same section clearly contemplates the existence of express constitutional exceptions to its command. H. BRUFF, *Separation of Powers under the Texas Constitution,* 68 Tex. L.Rev. 1351. The provision of Section 8 of Article V giving the district courts general supervisory control over the county commissioners courts is clearly such an express constitutional exception. The District Court of Shelby County did not violate the constitutional separation of powers provision in performing a duty mandated by the Constitution.

Moreover, the legislative power of the commissioners courts derives from the Legislature. The Legislature, which is the source of the commissioners courts' legislative authority, has chosen to limit that authority in the matter at hand by expressly providing that the sheriff's deputies serve at the pleasure of the sheriff, Section 85.003, and in forbidding the commissioners courts to even attempt to influence the appointment of any person to a position authorized to a county officer by the court. *Section* 151.004. The appellant's separation of powers argument is without merit and the point is overruled.

We find no merit in appellant's third point claiming that the trial court failed to give a presumption of validity to the overtime policy. The validity of the overtime policy was never at issue. The sole point of contention is the *sanctions* imposed and threatened by the Commissioners Court for violation of that policy. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

RAMEY, C.J., not participating.