

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 27, 1992

Honorable Jimmy F. Davis
County-District Attorney
Castro County Courthouse
Dimmitt, Texas 79027-2689

Opinion No. DM-158

Re: Whether a county commissioners court may "transfer" county road and bridge employees discharged by an *ex officio* road commissioner to another *ex officio* road commissioner's precinct and continue to pay the employees with funds budgeted for the former precinct, and related questions (RQ-121)

Dear Mr. Davis:

You have requested an opinion from this office concerning the authority of *ex officio* road commissioners and the commissioners court under chapter 3.A of the County Road and Bridge Act, article 6702-1, V.T.C.S (the act). Castro County has adopted the optional method for organizing the commissioners court for road construction and maintenance responsibilities that chapter 3.A of the act provides. Under subchapter A, responsibility for the county roads and bridges rests with the individual county commissioners, each of whom acts as *ex officio* road commissioner for his or her particular precinct of the county.[1] You inform us that a Castro County *ex officio* road commissioner purportedly wishes to effect cost savings in his precinct by discharging full-time employees and replacing them with part-time road employees "who would not be allowed the same benefits currently afforded road employees of the county in the other three precincts." You note that "[e]ach full-time employee in question is either (1) minority or (2) over forty years of age or (3)

---

[1]The act sets out provisions detailing the power and duties of commissioners courts in regard to construction and maintenance of their counties' roads and bridges. A commissioners court may adopt one of three optional methods of organization for fulfillment of its road and bridge responsibilities. The act also provides a default system for counties that do not adopt one of these three methods. For a detailed discussion of both the optional and default methods provided for in the act, *see* Attorney General Opinion JM-784 (1987).

recently filed a workers compensation claim." You state that the *ex officio* road commissioner contends that article 6702-1, section 3.003(a), V.T.C.S. "gives him complete authority to discharge any county employee working in his precinct if the employee is paid from county road and bridge funds."

You wish us to address three questions raised by the above situation:

(1) whether, in the absence of emergency fiscal conditions, an *ex officio* road commissioner may terminate full-time employees to achieve cost savings under the authority of article 6702-1, section 3.003(a), V.T.C.S., without risking federal and state discrimination suits based on race, age, retaliation for workers' compensation claims, or other protected civil rights;

(2) whether a commissioners court may reinstate an employee discharged by an *ex officio* road commissioner in a hearing before the full commissioners court; and

(3) whether the commissioners court in a county organized under the *ex officio* road commissioners option can transfer employees from one precinct to another and continue paying such employees from funds initially budgeted for the former precinct, despite the objections of that precinct's *ex officio* road commissioner.

With regard to your first question, we note the existence of federal and state laws prohibiting employment discrimination against certain classes of individuals. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e(b), 2000e-2(a); V.T.C.S. art. 5521k, § 5.01 (discrimination on the basis of race, color, religion, sex, or national origin); *id.* art. 8307c (retaliatory discharge of employee for filing claim for workers' compensation); 29 U.S.C. §§ 623(a), 631; V.T.C.S. art. 5221k, §§ 104(a), 5.01 (discrimination on the basis of age against those 40 years of age or older). We acknowledge the possibility that firing an individual within one of the protected classes could give rise to litigation under one of these statutes.[2] Of course, whether

---

[2]Although our discussion focuses on the specific statutes to which you refer in your brief, it is applicable to other state and federal statutes prohibiting discriminatory or retaliatory termination of employees. *See, e.g.,* 29 U.S.C. § 794 (discrimination against individuals with handicaps under any program or activity receiving federal financial assistance).

a particular employee termination would give rise to a claim under one of these statutes is a fact question that the opinion process cannot answer.

We now turn to your question concerning the authority of the county commissioners court to overturn an *ex officio* road commissioner's discharge of an employee working in that commissioner's precinct, and reinstate the employee. Article 6702-1, section 3.003(a) states the following:

> Subject to authorization by the commissioners court, each ex officio road commissioner may employ persons for positions in the commissioner's precinct paid from the county road and bridge funds. *Each ex officio road commissioner may discharge any county employee working in the commissioner's precinct if the employee is paid from county road and bridge funds.* Each ex officio road commissioner also has the duties of a supervisor of public roads as provided by Section 2.009 of this Act.

V.T.C.S. art. 6702-1, § 3.003(a) (emphasis added).

This office concluded in Attorney General Opinion MW-362 (1981) that "a single commissioner acting as *ex officio* road commissioner has power to discharge an employee" under Acts 1981, 67th Leg., ch. 691, § 2, at 2585 (former article 6763, V.T.C.S. now article 6702-1, § 3.003(a)). *See also* Attorney General Opinion JM-892 (1988) at 5. However, the reasoning in another Attorney General Opinion, JM-801 (1987), appears to conflict with this conclusion. That opinion concluded that the county commissioners court retained control over individual hiring decisions of *ex officio* road commissioners, so as to make the nepotism statute applicable to the employment of a county commissioner's son by another *ex officio* commissioner. In so doing, the opinion expressly rejected the argument that the 1981 amendment limits the county commissioners court's role in the employment of county road and bridge workers under the *ex officio* road commissioner system to authorizing employee positions. Attorney General Opinion JM-801 at 4. Rather, the opinion stated that although the amendment was meant to increase the *ex officio* road commissioners' power to hire and fire road employees, "[w]e do not believe, however, that it was intended to create an exception to the general rule that the commissioners court has general supervision over ex officio road commissioners." *Id.*

It is true that the specific issue in Attorney General Opinion JM-801 concerned the *ex officio* road commissioner's power to hire, rather than to fire, county road and bridge employees in his or her precinct. However, the conclusion hinged primarily on the analysis of the legislative intent in enacting the 1981 amendment as a whole, rather than on the sentence dealing with hiring alone. If we were to follow the reasoning of Attorney General Opinion JM-801, we would be led to conclude that the commissioners court retained the authority to oversee and reverse firing decisions of each *ex officio* road commissioner. However, we believe that Attorney General Opinion JM-801 incorrectly concluded that "[n]othing in the statutory language or the legislative history indicates that the 1981 amendment was intended to prevent the commissioners court from exercising supervision" over an *ex officio* road commissioners' individual hiring or firing decisions. *Id.* at 5. Rather, we feel that the statutory language and legislative history of the 1981 amendment clearly evidence the legislature's intent to delegate the authority to hire and fire road and bridge employees to the *ex officio* commissioner, once the commissioners court has authorized the employee positions.

The bill analysis of Senate Bill 1242, Acts 1981, 67th Leg., ch. 691, which amended former article 6763, V.T.C.S., to include the emphasized language indicates that one of the bill's purposes was to empower "the [ex officio road] commissioners to hire, fire and supervise, . . . those employees that would be paid from county road and bridge funds." Although the *ex officio* commissioners are under the direction of the commissioners court in the exercise of most of their duties,[3] article 6702-1, section 3.003(a), V.T.C.S., expressly carves out an area of responsibility delegated to the individual *ex officio* commissioners. *See* Attorney General Opinions JM-1160 (1990) (general powers of the commissioners court are only the powers and duties expressly conferred on it and defined by the Texas Constitution and statutes, or reasonably inferred from the grant of a specific power); MW-362. We conclude that the full commissioners court has no authority to reinstate a discharged employee paid from county road and bridge funds in an *ex officio* road commissioner's precinct. *Cf. Irby v. Sullivan*, 737 F.2d 1418 (5th Cir. 1984); *Commissioners Court of Shelby County v. Ross*, 809 S.W.2d 754 (Tex. App.-- Tyler 1991 no writ) (ruling that a commissioners court had no authority to suspend or dismiss a sheriff's deputies); *Renken v. Harris County*, 808 S.W.2d 222 (Tex.

---

[3]The *ex officio* road commissioners "under the direction of the commissioners court have charge of the teams, tools, and machinery belonging to the county and placed in their hands by the court." V.T.C.S. art. 6702-1, § 3.001(a).

App.--Houston [14th Dist.] 1991, no writ) (neither county commissioners court nor county grievance procedure could require constable to reinstate discharged deputy constable appointed by constable under contract at will).[4]

Your third question addresses whether employees may be "transferred" from one precinct to another, and, over the objection of the *ex officio* road commissioner of the former precinct, be paid with funds originally budgeted for the former precinct. We understand from your brief that the employees concerned are those who have been fired by the *ex officio* road commissioner. Thus your question really concerns the rehiring of such individuals by other *ex officio* road commissioners to work in their precincts.[5] If another *ex officio* road commissioner wishes to hire such employees, and the full commissioners court authorizes the positions, we see no obstacle to their re-employment by the county.

Moreover, current law would allow the commissioners court to pay these employees from funds originally budgeted for their former precinct of employment. Subsection (d) of Local Government Code section 111.010, added in 1989, provides the following:

> The commissioners court by order may amend the budget to transfer an amount budgeted for one item to another budgeted item *without authorizing an emergency expenditure.*

Acts 1989, 71st Leg., ch. 167, §§ 1, 2 (emphasis added). Thus, the commissioners court may transfer funds originally allotted for one budget item to the allotment of another line item. Furthermore, the court may now do so without finding that an emergency necessitates the transfer. *Cf.* Acts 1987, 70th Leg., ch. 149, § 1 (former Local Gov't Code § 111.010 lacking provision for non-emergency budget transfer). We note that, in contrast to commissioners in counties adopting the road superintendent option described in chapter 3.B of article 6702-1, a commissioners

---

[4]The court in *Ross* explained that "[t]he Legislature, which is the source of the commissioners courts' legislative authority, has chosen to limit that authority ... by expressly providing that the sheriff's deputies serve at the pleasure of the sheriff ...." 809 S.W.2d at 757.

[5]We note that an individual *ex officio* road commissioner, and not the full commissioners court, would hire the employee, upon commissioners court authorization of the position. V.T.C.S. art. 6702-1, § 3.003(a).

court under the *ex officio* commissioner option is not required to expend road and bridge funds "in each county commissioner's precinct in proportion to the amount collected in the precinct." *See* Attorney General Opinion JM-784 (1987). Of course, orders of the county commissioners court are subject to review by the district court for abuse of discretion. *See* 35 D. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 55.11 (Texas Practice 1989) (and cases cited therein).

In conclusion, we find that a county commissioners court in a county adopting the *ex officio* road commissioner option for road construction and maintenance responsibilities, V.T.C.S. art. 6702-1, ch. 3, subch. A, lacks authority to overturn an *ex officio* road commissioner's discharge of an employee working in that commissioner's precinct and paid from county road and bridge funds.

## SUMMARY

A county commissioners court in a county adopting the *ex officio* road commissioner option for road construction and maintenance responsibilities, V.T.C.S. art. 6702-1, ch. 3, subch. A, lacks authority to overturn an *ex officio* road commissioner's discharge of an employee working in that commissioner's precinct and paid from county road and bridge funds. However, the law would 1) allow another *ex officio* road commissioner to hire such a discharged employee, with authorization by the full commissioners court; and 2) allow the commissioners court to transfer funds originally budgeted for the former precinct to the new precinct of employ to cover the employee's remuneration. Local Gov't Code § 111.010(d).

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Faith S. Steinberg
Assistant Attorney General