OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



June 28, 2000

Ms. Joy L. Dymke
Grimes County Auditor
P.O. Box 510
Anderson, Texas 77830

Opinion No. JC-0239

Re:  Whether a county has recourse when an elected official closes his or her office for all or part of a workday for reasons not related to "bad weather, repairs, and the like," and related question (RQ-0158-JC)

Dear Ms. Dymke:

A county official generally may close his or her "office for part or all of one or more days on account of bad weather, repairs, and the like" and may authorize employees "to be paid for the time they were unable to work because of an office closure." Tex. Att'y Gen. Op. No. JC-0131 (1999) at 2, 3. You ask what "recourse" a county has if an elected official closes his or her office "to allow . . . employees to have time off to Christmas shop or to be able to travel to visit relatives without it being charged to either vacation, comp time . . . [,] or to be docked in the event they have neither vacation or comp time accrued." *See* Letter from Joy L. Dymke, Grimes County Auditor, to Office of the Attorney General, Attn: John Cornyn (Dec. 9, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. We conclude that county citizens may seek to mandamus the elected public official, but the citizens' recourse generally is at the ballot box.

You also ask whether a county commissioners court may adopt a policy under which only a full-time employee who works forty hours each week or who accounts for absences by taking leave is entitled to health insurance, vacation, sick leave, and holidays. As you describe the proposed policy, an employee who takes advantage of the decision of his or her boss, whom you make clear is an elected county official, to close the office for all or part of a day for reasons not related to "bad weather, repairs, and the like" must either take leave or be ineligible to receive benefits. *See* Request Letter, *supra*, at 1. We understand you to use the concept of office closure to describe a situation in which employees are dismissed from the office for all or part of a day, not when an office is closed to the public although employees are working. We conclude that state law permits a county commissioners court to premise an employee's receipt of salary and benefits on a forty-hour work-week, but the court may not use the policy to interfere with the administration of the elected official's office. Moreover, neither the county commissioners court, nor the county auditor, nor the county treasurer may withhold payment of an employee's full salary and benefits although the employee was dismissed from the office for all or part of the day by the supervising official.

Because Grimes County's population is lower than 355,000, *see* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION, General Population Characteristics: Texas 2 (1992) (population: 18,828), the Grimes County Commissioners Court is not authorized by statute to "adopt and enforce uniform rules on the hours of work of" county employees in offices other than commissioners court offices. *See* TEX. LOC. GOV'T CODE ANN. § 157.021(a) (Vernon 1999). Section 157.021 authorizes a county of 355,000 or more to adopt and enforce such uniform rules. *See id.* We do not address in this opinion the authority of a county with a population large enough to permit it, in accordance with section 157.021, to adopt and enforce uniform rules on county employees' hours of work.

A county commissioners court has significant express powers with respect to the hiring and retention of county employees. A county commissioners court may exercise only those powers that are explicitly or implicitly conferred upon it by law. *See* Tex. Att'y Gen. Op. No. JC-0171 (2000) at 1. In a county the size of Grimes County, when a district, county, or precinct officer "requires the services of deputies, assistants, or clerks in the performance of the officer's duties," the commissioners court has the power to approve or disapprove the officer's request to appoint employees. *See* TEX. LOC. GOV'T CODE ANN. § 151.001(a) (Vernon 1999); *accord Commissioners Court of Shelby County v. Ross*, 809 S.W.2d 754, 756 (Tex. App.–Tyler 1991, no writ). *But cf.* TEX. LOC. GOV'T CODE ANN. § 151.001(e) (Vernon 1999) ("This section does not apply to a district attorney or criminal district attorney in a county with a population of more than 190,000."). The officer's sworn request must state the number of employees needed, the title of the positions to be filled, and the amounts to be paid the employees. *See id.* § 151.001(a) (Vernon 1999); *accord Commissioners Court of Shelby County*, 809 S.W.2d at 756. Upon receiving the officer's written application, the commissioners court determines how many employees the officer may appoint. *See* TEX. LOC. GOV'T CODE ANN. § 151.002 (Vernon 1999); *accord Commissioners Court of Shelby County*, 809 S.W.2d at 756. The officer may fill the requested positions only after the commissioners court issues an order approving, in whole or in part, the officer's request. *See* Tex. LOC. GOV'T CODE ANN. § 151.003 (Vernon 1999); *accord Commissioners Court of Shelby County*, 809 S.W.2d at 756. The commissioners court may reconsider the number of positions in a particular office during the annual budget process. *See generally* TEX. LOC. GOV'T CODE ANN. ch. 111, subch. A (Vernon 1999) (budget process for county with population smaller than 225,000).

A county commissioners court also bears sole authority to "set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds." *Id.* § 152.011; *accord Commissioners Court of Shelby County*, 809 S.W.2d at 756. The authority to set compensation for employees encompasses the authority to provide benefits. *See* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 1 (stating that authority granted under section 152.011, Local Government Code, encompasses "the authority to confer employment benefits upon county officers and employees").

Although a county officer similarly is limited to those powers expressly conferred by or necessarily implied from statutes, *see* Tex. Att'y Gen. Op. No. JC-0131 (1991) at 1 (quoting *Crosthwait v. State*, 138 S.W.2d 1060, 1061 (Tex. 1940), an elected county officer generally has a

"sphere of authority" with which neither the county commissioners, nor any other county official, may interfere. *See Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.–Austin 1997, writ denied). For example, while a commissioners court controls the number of positions an officer may appoint, the court has no authority to select the officer's employees. *See* TEX. LOC. GOV'T CODE ANN. § 151.003 (Vernon 1999) (after entry of commissioners court's order, officer applying for employees may appoint them); *Tarrant County v. Smith*, 81 S.W.2d 537, 538 (Tex. Civ. App.–Fort Worth 1935, writ ref'd); *Renfro v. Shropshire*, 566 S.W.2d 688, 691-92 (Tex. Civ. App.–Eastland 1978, writ ref'd n.r.e.); *Renken v. Harris County*, 808 S.W.2d 222, 226 (Tex. App.–Houston [14th Dist.] 1991, no writ). Additionally, absent a statute to the contrary, a commissioners court may not interfere with a county official's authority to set the hours his or her office will be open to the public. *See* Tex. Att'y Gen. Op. No. C-350 (1964) at 1-2; O-6679 (1945) at 2. A county official has "implied authority to set the working conditions for his or her own employees." *See* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 2.

In this way, the commissioners court retains control over the budgetary aspects of the county's employment relationships, *see Renken*, 808 S.W.2d at 226 ("The Commissioners Court does exercise budgetary powers over the positions in the Constable's office."), but the county officer retains control over the accomplishment of his or her constitutional and statutory duties through, among other things, the administration of his or her office. Thus,

> [a] commissioners court, which sets the budgetary priorities of a county and can decide generally how much of the county's funds to dedicate to each of the county's purposes, has thereby a considerable ability to shape the way in which an elected county official uses the resources of his office. But it cannot make those decisions for him. It may, in effect, tell that official what resources it will place at his disposal. But it may not micro-manage his decisions as to the use of those resources.

Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3; *cf. Renfro*, 566 S.W.2d at 691 (quoting *Tarrant County*, 81 S.W.2d at 538) (stating that county officer has obligation to conduct his or her office lawfully, as does the commissioners court).

Attorney General Opinion JC-0131, which applies this same analysis, concludes that an elected or appointed county official in a county with a population smaller than 355,000, *see* TEX. LOC. GOV'T CODE ANN. § 157.021(a) (Vernon 1999), may close the official's office for part or all of one or more days because of bad weather, repairs, and "the like." Tex. Att'y Gen. Op. No. JC-0131 (1999) at 1. The official also may "authorize employees to be paid for the time they were unable to work because of" the office closure. *Id.* at 3. And "if a county officer closes his or her office for a period that is normally a part of a regular work period [due to] bad weather, repairs, and the like[,] . . . neither the commissioners court nor the county treasurer nor the county auditor may reduce the officers' or employees pay or require that the time be charged to leave time." *Id.* at 5.

To resolve your question, we must determine whether the dismissal of employees in a county official's office for all or part of a day for reasons other than "bad weather, repairs, and the like" is within the official's authority to control the accomplishment of his or her legal duties through the administration of his or her office or within the county commissioners court's budgetary authority. By the phrase "the like," we refer to a situation similar to one in which severe weather or office conditions make continued presence at the office dangerous or impractical, *i.e.*, temporary circumstances that implicate the health and safety of the workers or the feasibility of working.

We conclude that a county officer's dismissal of employees for reasons other than bad weather, repairs, and the like is within the officer's authority and not the authority of the commissioners court. It is for an elected county official to decide how to use the employees who work in his or her office to accomplish the officer's constitutional and statutory duties. Further, it is for the officer to determine what activities constitute a legitimate use of an employee's official time, *i.e.*, work time rather than vacation time. A commissioners court that adopts a policy to keep employees from following their supervising county official's instructions to leave may unlawfully interfere in the official's sphere of authority. *See Abbott*, 946 S.W.2d at 517 (stating that county officer has "sphere of authority" with which other officials may not interfere); Tex. Att'y Gen. Op. No. JC-0214 (2000) at 5 (stating that commissioners court may not substitute its judgment for that of another constitutional officer in determining how to deploy resources placed at officer's disposal).

In all cases, the dismissal of employees must serve a public purpose, one that comports with article III, section 52 of the Texas Constitution. *See* TEX. CONST. art. III, § 52(a). Whether a particular office closure serves a public purpose must be determined in the first instance by the public official, whose decision is subject to judicial review. *See* Tex. Att'y Gen. Op. No. JC-0119 (1999) at 4. Improving employee morale may, for instance, be a sufficient public purpose. *See* Tex. Att'y Gen. LO-96-136, at 1-2 (summarizing attorney-general opinions considering whether improving employee morale constituted public purpose).

You ask what recourse "the county" has when an elected official dismisses his or her employees for all or part of a day for reasons other than bad weather, repairs, and the like. You do not explain whether by "the county" you mean citizens of the county or the county commissioners court. We examine first actions county citizens may take. We will examine a commissioners court's response in connection with your final question, regarding the legality of a policy under which employees must work or account for a forty-hour work week or "be docked." Request Letter, *supra*, at 1.

A county citizen who feels an officer is failing to perform a legal responsibility may have recourse by seeking to mandamus the officer. Mandamus may be issued to compel a public official to perform a "ministerial act or duty" or to "correct a 'clear abuse of discretion'" on the official's part. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985); *In re Jones*, 978 S.W.2d 648, 652 (Tex. App.–Amarillo 1998, no writ); *see also In re Jones*, 978 S.W.2d at 652 (describing ministerial act). In a case involving a public official, the court will determine whether the official's act or refusal to act "is contrary to a

clearly established legal duty." *In re Jones*, 978 S.W.2d at 652. Apart from a mandamus action, a citizen's recourse is at the ballot box.

A commissioners court's avenues of recourse relate to the answer to your first question. You ask about the legality of a proposed policy under which a county employee who works or accounts for a forty-hour work week may receive benefits. Under the proposed policy,

> only full time employees (as defined) who work 40 hours on a regular basis are entitled to benefits such as health insurance, vacation, sick leave, and holidays. In order to receive benefits you must complete a time sheet on a prescribed basis (federal law requires you to keep records of non exempt employee[] hours worked) and that only full time employees working forty hours will be eligible for benefits. Employees absent from work must charge those absences to either vacation, sick, comp time as appropriate[,] and to the exten[t] accrued or be docked. Those employees who fail to adhere to this policy will not be eligible for benefits.

Request Letter, *supra*, at 1. Although you premise your second question on a determination that a "county" has no recourse in the situation you describe, and we conclude that county citizens may have avenues of recourse, we answer your second question generally. Thus, we do not evaluate the particulars of any specific policy, but we consider generally whether, under state law, a county commissioners court may require a full-time county employee to account for forty hours each week or be ineligible to receive benefits. We do not address certain federal laws that may be implicated. *See, e.g.*, 29 U.S.C. ch. 8 (Fair Labor Standards Act); 29 U.S.C. §§ 2611-2654 (Family & Medical Leave Act).

In our opinion, a county commissioners court's authority to set a county employee's compensation encompasses the authority to adopt a policy premising full salary and benefits upon a forty-hour work week. *See* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999); *see also* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 1 (stating that authority granted under section 152.011, Local Government Code, encompasses "the authority to confer employment benefits upon county . . . employees"). Nevertheless, a county commissioners court generally may not second-guess a county officer's use of county employees to accomplish the officer's constitutional or statutory duties. Nor may a county commissioners court second-guess a county officer's determination that dismissing county employees under his or her supervision on the afternoon before a county holiday, or at any other time, serves a public purpose or constitutes a legitimate use of official, work time.

If a county commissioners court infers from a county officer's office closure or allocation of county resources that the elected county officer does not require all of the full-time employees assigned to that office, the commissioners court's remedy is to apply its budgetary authority to reallocate county resources. *See* TEX. LOC. GOV'T CODE ANN. § 151.002 (Vernon 1999).

Finally, we note that an officer's personnel policies may evidence incompetency or official misconduct for which certain county officers may be removed from office. *See* TEX. LOC. GOV'T CODE ANN. § 87.013(a)(1), (2) (Vernon 1999); *see id.* § 87.012 ("Officers Subject to Removal"). "Incompetency" includes "gross ignorance of official duties" or "gross carelessness in" discharging official duties. *Id.* § 87.011(2). "Official misconduct" includes an "intentional or corrupt failure, refusal, or neglect . . . to perform a duty imposed on the officer by law." *Id.* § 87.011(3). A removal proceeding must be instituted by the appropriate local prosecutor. *See id.* § 87.015; *Reeves v. State,* 258 S.W. 577, 582 (Tex. Civ. App.–Texarkana), *rev'd on other grounds,* 267 S.W. 666 (1924); *see also State ex rel. Downs v. Harney,* 164 S.W.2d 55, 58 (Tex. Civ. App.–San Antonio 1942, writ ref'd w.o.m.). Thus, whether a particular officer's personnel policies warrant legal proceedings for incompetency or official misconduct is a question to be determined by the appropriate local prosecutor. *See* TEX. LOC. GOV'T CODE ANN. § 87.015 (Vernon 1999); *Reeves,* 258 S.W. at 582; *State ex rel. Downs,* 164 S.W.2d at 58; *see also* Tex. Att'y Gen. Op. No. H-56 (1973) at 3 ("whether or not people[] violate[d] the law ultimately will be a question for jury determination.").

## S U M M A R Y

An elected county official's authority to accomplish the constitutional or statutory purposes of his or her office encompasses the authority to dismiss his or her employees for all or part of a day for any reason, although the closure may not violate article III, section 52 of the Texas Constitution. County citizens may seek to mandamus a county official to open his or her office, but county citizens' general recourse is at the ballot box. A county commissioners court may adopt a policy requiring a county employee to work or account for forty hours of work each week to be eligible for compensation and benefits, but the court may not apply the policy to interfere in the administration of another county officer's office. A county commissioners court, using its budgetary authority, may consider whether the facts warrant decreasing the number of full-time county employees assigned to that official's office.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee