ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 9, 2003

The Honorable Bruce Isaacks                          Opinion No. GA-0081
Denton County Criminal District Attorney
1450 East McKinney, Suite 3100                       Re: Budget amendment process in Denton
P.O. Box 2850                                        County (RQ-0013-GA)
Denton, Texas 76202

Dear Mr. Isaacks:

You present two related questions about the process of amending the Denton County budget.[1] First, you ask whether it is necessary, in amending an original county budget to create "a new salaried position that does not result in a new line item," for the commissioners court to act under the "emergency expenditure" provision of section 111.070(b) of the Local Government Code, which you say governs Denton County.[2] Second, you ask whether, having created a position in the sheriff's department and identified the funding for that position, the Denton County commissioners court has a ministerial duty to fund the position and approve the appointment.

As we understand the situation giving rise to your questions, in May 2002, upon the request of the Denton County sheriff, the commissioners court approved the creation of a homeland security coordinator position in the sheriff's office. At this time, the commissioners court determined that funding for the position would come from a budget line dedicated to unappropriated contingencies. In June 2002, the sheriff submitted a proposed order to the commissioners court for approval of his appointment of a candidate to the position. The commissioners court, however, declined to act upon the proposed order. In part, it appears the commissioners court declined because of a concern that the prior budget amendment had been inconsistent with the requirements of section 111.070 of the Local Government Code.

Section 111.070 reads:

> (a) The commissioners court may spend county funds only in strict compliance with the budget, except as provided by this section.

---

[1] Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Jan. 17, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2] Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (June 26, 2002) (on file with Opinion Committee) (attached to Request Letter) [hereinafter Letter of June 26, 2002].

> (b) The commissioners court may authorize an emergency expenditure as an amendment to the original budget only in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention. If the court amends the original budget to meet an emergency, the court shall file a copy of its order amending the budget with the county clerk and the clerk shall attach the copy to the original budget.
>
> (c) The commissioners court by order may amend the budget to transfer an amount budgeted for one item to another budgeted item *without authorizing an emergency expenditure.*

TEX. LOC. GOV'T CODE ANN. § 111.070 (Vernon 1999) (emphasis added).

By its terms, subsection (c) permits the reallocation of budgeted funds from one item to another without the requirements of the emergency expenditure provisions of subsection (b). As the El Paso court of appeals noted in *Hooten v. Enriquez*, 863 S.W.2d 522 (Tex. App.–El Paso 1993, no writ), a commissioners court has "general authority to effect the transfer of surplus funds" from one account to another. *Hooten*, 863 S.W.2d at 529. When a commissioners court simply transfers these amounts, under the language of subsection (c), it is not required to find a grave public necessity that was reasonably unforeseeable in the original budget process.

As we understand it, particular salaries such as that of the homeland security coordinator are not line items in Denton County's budget, but are rather "slots" within a line item. Letter of June 26, 2002, *supra* note 2, at 2. Further, when the commissioners court created the position in question, it ordered "that the funding was to come from the Unappropriated Contingency line item, but did not specify an amount for said funding." *Id.* Such an amendment, given that it contemplated only a transfer of budgeted funds, falls within section 111.070(c).

The appointment of a new employee by a county officer, such as a sheriff, is governed by subchapter A of chapter 151 of the Local Government Code. Section 151.001 commands an officer "who requires the services of deputies, assistants, or clerks" to apply to the commissioners court for such appointment in a sworn application detailing the number of employees required, the titles of their proposed positions, and the proposed salaries. TEX. LOC. GOV'T CODE ANN. § 151.001 (Vernon 1999). Such an appointment is then within the authority of the commissioners court, which "shall determine the number of employees that may be appointed and shall authorize their appointment." *Id.* § 151.002. After the commissioners court has issued such an order, "the officer applying for the employees may appoint them." *Id.* § 151.003. At that point, neither the commissioners court nor any member thereof may "attempt to influence the appointment of any person." *Id.* § 151.004.

The courts and this office have frequently had occasion to analyze the relative authority of commissioners courts and sheriffs as independent constitutional officers with respect to the

budgeting for and staffing of the sheriff's office. *See Garcia v. Reeves County*, 32 F.3rd 200 (5th Cir. 1994); *Abbott v. Pollock*, 946 S.W.2d 513 (Tex. App.–Austin 1997, writ denied); *Comm'rs Ct. of Shelby County v. Ross*, 809 S.W.2d 754 (Tex. App.–Tyler 1991, no writ); *Renken v. Harris County*, 808 S.W.2d 222 (Tex. App.–Houston [14th Dist.] 1991, no writ); *see also* Tex. Att'y Gen. Op. No. JC-0214 (2000). The general division of authority is clear: "The commissioners court performs a legislative function when it creates the budget for the county's offices and departments. This budgetary power carries with it broad discretion in making budgetary decisions." *Hooten*, 863 S.W.2d at 528. On the other hand, Texas sheriffs have "virtually unbridled authority in choosing their personnel, restricted only by certain basic constitutional considerations. . . . The commissioners court may limit the number of deputies authorized, but it has no power over naming the individuals to be appointed." *Comm'rs Ct. of Shelby County*, 809 S.W.2d at 756. As this office summarized the matter in Attorney General Opinion JC-0214, "the principal power of the commissioners court with respect to other county officers like the sheriff is the power of the purse strings." Tex. Att'y Gen. Op. No. JC-0214 (2000) at 2.

A commissioners court has the authority to determine, in any budget year, the resources to be distributed to the sheriff. It may, accordingly, take a different view than does the sheriff about the necessity for a particular staff position. In this case, had the commissioners court disagreed with the sheriff at the time of the requested authorization for the homeland security coordinator position, the sheriff would have had little recourse, given that such a decision could be challenged only for abuse of discretion. "The district court's authority extends only to enjoin illegal expenditures and to situations where the commissioners abuse their discretion. It has no authority to substitute its own judgment for that of these elected officials as to the particular expenditures that should be made." *Weber v. City of Sachse*, 591 S.W.2d 563, 566 (Tex. App.–Dallas 1979, writ dism'd). Similarly, in another budget year, the commissioners court might revisit the issue of the position's necessity. But having authorized the appointment, their control over the appointment for the budget year in question is at an end. Pursuant to section 151.003 of the Local Government Code, the power of appointment thereupon belongs entirely to the sheriff. Any further interference with that power of appointment would invade that "sphere of authority, which is delegated to [the sheriff] by the Constitution and laws, within which another officer may not interfere or usurp." *Renken*, 808 S.W.2d at 226; *accord Abbott*, 946 S.W.2d at 517; Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3, 5.

## S U M M A R Y

A commissioners court that amends its budget in midyear to authorize a new position in the sheriff's office by transferring surplus funds from one budget item to another need not authorize an emergency expenditure, but may proceed under the terms of section 111.070(c) of the Local Government Code. Having authorized such an appointment pursuant to sections 151.001 and 151.002 of the Local Government Code, a commissioners court has ceded authority over that position to the appointing officer for the remainder of the budget year in question.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee