

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 23, 2016

Mr. Billy M. Doherty
Austin County Auditor
1 East Main Street
Bellville, Texas 77418

Opinion No. KP-0090

Re: What qualifies as a "judicial function" of a county judge such that the judge may claim a state salary supplement under section 26.006 of the Government Code (RQ-0078-KP)

Dear Mr. Doherty:

Your predecessor requested an opinion concerning the statutorily-authorized state salary supplement for a county judge under Government Code section 26.006(a).[1] Section 26.006 states, in relevant part:

> (a) A county judge is entitled to an annual salary supplement from the state in an amount equal to 18 percent of the annual compensation provided for a district judge in the General Appropriations Act if at least 40 percent of the functions that the judge performs are judicial functions.[2]
>
> (b) To receive a supplement under Subsection (a), a county judge must file with the comptroller's judiciary section an affidavit stating that at least 40 percent of the functions that the judge performs are judicial functions.

TEX. GOV'T CODE § 26.006(a)–(b) (footnote added). The first question asks what qualifies as a "judicial function" such that a county judge may claim the salary supplement. Request Letter at 1. The request does not ask about any specific tasks, and our advice is therefore general in nature.

To answer this question, it is necessary to first consider the various roles of a county judge. By statute, the county judge serves as "the presiding officer of the commissioners court." TEX. LOC. GOV'T CODE § 81.001(b). The Texas Constitution establishes the commissioners court as

---

[1]See Letter from Ms. Betty Jez, Austin Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. (Nov. 20, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

[2]The annual compensation for a district judge provided in the Eighty-fourth Legislature's General Appropriations Act is $140,000. See General Appropriations Act, 84th Leg., R.S., ch. 1281, § 1, 2015 Tex. Gen. Laws 4343, 4894; see also TEX. GOV'T CODE § 659.012(a)(1) (providing that "a judge of a district court is entitled to an annual salary from the state of at least $125,000"). Eighteen percent of $140,000 is $25,200.

the principal governing body of the county, and the duties of commissioners courts "include aspects of legislative, executive, administrative, and judicial functions." *Comm'rs Ct. of Titus Cty. v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997); *see* TEX. CONST. art. V, § 18(b). Throughout the Local Government Code, the Legislature has delegated to counties authority to regulate certain subject matter and furnish various services to county residents. *See, e.g.*, TEX. LOC. GOV'T CODE §§ 240.002(a) (authorizing the commissioners court to "regulate the keeping of a wild animal in the county"), 352.001(a) (authorizing the commissioners court to "furnish fire protection" to residents of the county); 561.001(a) (authorizing a county to acquire property "to provide for flood control and water outlets" and giving the county eminent domain authority to do so). In performing these and similar functions, the commissioners court generally acts "as part of the legislative branch of government." *See Comm'rs Ct. of Shelby Cty. v. Ross*, 809 S.W.2d 754, 757 (Tex. App.—Tyler 1991, no writ).

In addition to the role on the commissioners court, article V, sections 15 and 16 of the Texas Constitution establish a county court in each county in the state and provide for the county judge to preside over the county court. TEX. CONST. art. V, §§ 15, 16. Chapter 26 of the Government Code governs the procedures and jurisdiction of these constitutional county courts. *See* TEX. GOV'T CODE §§ 26.001–.353. Unless otherwise specified, a county court "has concurrent jurisdiction with the justice courts" in certain civil cases, and may also have criminal jurisdiction over certain misdemeanors. *See id.* §§ 26.042(a), .045(a). Subchapter E of chapter 26, however, contains numerous statutes that may expand or limit the jurisdiction of specific county courts. *See id.* §§ 26.103–.353. For example, section 26.176 expands the jurisdiction of the County Court of Fisher County to have "original concurrent jurisdiction with the justice courts in all civil matters in which the justice courts have jurisdiction under general law," whereas, section 26.327 limits the County Court of Travis County to "the general jurisdiction of a probate court" with "no other civil or criminal jurisdiction." *Id.* §§ 26.176, .327.[3] Thus, the extent to which a county judge performs functions or duties under chapter 26 will depend on the specific county court at issue. The Office of Court Administration has explained that in practice some county courts perform extensive judicial functions while others do not, noting that "[i]n more urban counties, the county judge typically devotes his or her full attention to the administration of county government."[4]

The Legislature has not expressly defined the phrase "judicial function" as used in Government Code section 26.006; however, the state salary supplement for county judges is located within chapter 26. Thus, it would appear that the Legislature intended "judicial function" to encompass a county judge's performance of powers and duties authorized by chapter 26. *See Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 354 (Tex. 2013) (explaining that courts read a statute in its context and view the statute as a whole). Thus, when a county judge is exercising criminal or civil jurisdiction as authorized by chapter 26 of the Government Code, the

---

[3]Chapter 26 of the Government Code does not include a provision specific to Austin County. *See* TEX. GOV'T CODE §§ 26.103–.353.

[4]OFFICE OF COURT ADMIN., STUDY ON THE ADEQUACY AND APPROPRIATENESS OF ADDITIONAL COMP. PAID TO CERTAIN COUNTY JUDGES 3 (2014), www.txcourts.gov/media/683099/County-Judge-Salary-Study-FINAL.pdf.

county judge is performing a judicial function. *See* Tex. Att'y Gen. Op. No. GA-0426 (2006) at 5 (concluding that "when a county judge sits as a magistrate, he performs judicial functions").

We are also asked whether a county auditor may "refrain from disbursing or return to the State any supplement the auditor believes has been improperly requested." Request Letter at 1. In order to receive the supplement, the county judge must file with the comptroller an affidavit "stating that at least 40 percent of the functions that the judge performs are judicial functions." TEX. GOV'T CODE § 26.006(b). The county auditor has "continual access to and shall examine and investigate the correctness of . . . the books, accounts, reports, vouchers, and other records of any officer." TEX. LOC. GOV'T CODE § 115.001(1). Pursuant to such authority the auditor is authorized to examine and investigate the county judge's records, including any record of an affidavit submitted to the comptroller pursuant to section 26.006 requesting a salary supplement. However, the salary supplement provided under section 26.006 is "from the state," and the Office of the Comptroller is charged with accepting the affidavit and disbursing the supplement. TEX. GOV'T CODE § 26.006(a).[5] Thus, to the extent that an auditor has concerns regarding an improperly requested salary supplement under Government Code section 26.006, the auditor should confer with the Comptroller of Public Accounts regarding disbursing the supplement.

---

[5]The Eighty-fourth Legislature's General Appropriations Act appropriates $2,155,000 to the Judiciary Section of the Comptroller's Department for purposes of "Salary Supplement per Gov. Code 26.006." *See* General Appropriations Act, 84th Leg., R.S., ch. 1281, § 1, 2015 Tex. Gen. Laws 4343, 4895.

## S U M M A R Y

When a county judge is exercising criminal or civil jurisdiction as authorized by chapter 26 of the Government Code, the county judge is performing a judicial function for purposes of section 26.006.

To the extent that a county auditor has concerns regarding an improperly requested salary supplement under Government Code section 26.006, the auditor should confer with the Comptroller of Public Accounts regarding disbursing the supplement.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee